**Robert Allan RAMAGE, Petitioner–Respondent,**

v.

**Nicole Alise RAMAGE, Respondent–Appellant.**

**No. 16441.**

Missouri Court of Appeals, Southern District, Division Two.

July 9, 1990.

Frederick Brister Tagg, Jr., Ozark, for respondent-appellant.

Mark E. Orr, Ozark, for petitioner-respondent.

FLANIGAN, Chief Judge.

This is a dissolution of marriage proceeding instituted by Robert Ramage, petitioner in the trial court and respondent here, against Nicole Ramage, respondent in the trial court and appellant here. The parties will be referred to by their first names. Nicole seeks relief from an order overruling her motion to set aside a default judgment.

The action was filed in the trial court on April 4, 1989, and service of process was obtained on Nicole on April 19, 1989. On May 22, 1989, Nicole then being in default, the trial court held an evidentiary hearing attended by Robert and his attorney. Nicole did not appear. The trial court on that date entered a decree which dissolved the marriage, awarded Robert custody of the one child born of the marriage, Breanna Alise Ramage, born December 25, 1987, awarded Nicole certain visitation rights, ordered Nicole to pay $136 per month for the support of the child, awarded Robert judgment against Nicole in the amount of $400 for attorney fees, awarded Robert all of the marital property, and "allocated certain debts to Robert and Nicole respectively."

Also on May 22, 1989, Nicole filed a motion to set aside the default judgment entered earlier that day. Nicole's motion, which was verified, alleged, among other

things: Nicole and her attorney "were confused as to the date of service and had made an appointment on May 16, 1989, to prepare her answer; Nicole was unable to keep that appointment, and another was scheduled for May 19, 1989; at that time and date [Nicole's attorney] found it necessary to be at St. John's Medical Center to counsel a client who had suffered a stroke in the midst of his dissolution action."

The motion further alleged that if Nicole's motion were granted, she would file a pleading "seeking custody of the minor female child and will allege physical abuse upon her person by [Robert].... [Nicole] has fear for the safety of the minor child and the adequacy of the care provided if the minor child is permitted to remain in the custody of unemployed [Robert]."

On June 1, the trial court heard arguments and overruled Nicole's motion to set aside the default judgment. Nicole appeals.

Nicole contends that the trial court erred in denying her motion to set aside the default judgment "in that [Nicole] in her motion stated facts constituting a meritorious defense and showed good cause in that she alleged physical abuse by [Robert] and fear for the safety of the child and that her conduct was the result of confusion and mistake, not intended to impede the judicial process, [and] her motion was filed the same day the default judgment was handed down."

Rule 74.05(c)[1] reads, in pertinent part:

"Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are

just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default."

In *Moseley v. Moseley*, 744 S.W.2d 874, 878 (Mo.App.1988), this court said:

"In a divorce case, there is practically no such thing as a divorce decree by confession and courts disfavor 'default judgments' in dissolution of marriage cases because of the state's interest in the welfare of the parties. *In re Marriage of Bradford*, 557 S.W.2d 720, 730 (Mo.App.1977); *Hawkins v. Hawkins*, 462 S.W.2d 818, 821 (Mo.App.1970)."

In *In re Marriage of Wheeler*, 743 S.W.2d 605, 606[2] (Mo.App.1988), this court said: "Strict rules pertaining to default judgments are less rigorously applied in dissolution cases, especially where they involve child custody. *Hayes v. Hayes*, 671 S.W.2d 423, 425 (Mo.App.1984); *Hinson v. Hinson*, 518 S.W.2d 330, 332 (Mo.App. 1975)."

In *Gibson by Woodall v. Elley*, 778 S.W.2d 851 (Mo.App.1989), the court discussed Rule 74.05(c) which became effective on January 1, 1988. The court said, at 854:

"[A]n appellate court is much more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied. The reason given for such a directive is the distaste our system holds for default judgments.... This distaste is mirrored by the new structure of Rule 74.05(c).

Historically, the discretion of the trial judge has not been held to be unbridled. Rather, the discretion of the trial judge must be tempered always by considerations of justice and of fair play. For example, in *Whitledge v. Anderson Air Activities, Inc.*, 276 S.W.2d 114, 116 (Mo. 1955), the court states that, '[t]he general rule is that, where the application or motion to set aside discloses a meritori-

**1.** All reference to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

**434**

ous defense, and reasonable diligence or excuse for default is shown, and no substantial injury to plaintiff will result from delay, a trial court should exercise its discretion in favor of a trial on the merits.' (Emphasis added.)"

The court also said: "Rule 74.05(c) makes no reference to the 'no substantial injury to plaintiff' language found in *Whitledge v. Anderson Air Activities, supra,* thus eliminating the need for such a showing as a condition precedent to the trial court's timely setting aside of a default judgment."

Section 452.423.1 reads:

"In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. *The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged."*

Section 452.423.1 exemplifies the interest of the state in protecting the interests of a child in any proceeding where an allegation of child abuse or neglect is made. In mentioning this statute, this court does not hold or imply that every timely motion which alleges child abuse or neglect, and seeks to set aside a default judgment in a dissolution action, must be sustained. Other statutory remedies exist for the protection of children. Each case must be governed by its own facts.

It is unfortunate that Nicole did not introduce evidence in support of her motion to set aside the default judgment and instead contented herself with relying on the fact that her motion was verified. Rule 55.28 permits the court, when a motion is based on facts not appearing of record, to hear the matter on affidavits presented by the respective parties. Robert did not file any affidavit or verified pleading in response to Nicole's motion. Nicole's motion was filed on the very day that the default judgment was entered. Nicole had been in default less than a week. The case involved the custody of a child, and Nicole's verified motion contained allegations that the safety of the child was in jeopardy if

Robert retained custody. The default judgment set aside marital property to Robert and none to Nicole. It imposed upon Nicole obligations to pay child support and attorney fees.

Under the unique facts here, this court concludes that the trial court abused its discretion in not setting aside all portions of the judgment of May 22, 1989, except that portion which dissolved the marriage.

That portion of the judgment of May 22, 1989, which dissolved the marriage of Robert and Nicole is affirmed; all other portions of said judgment are hereby set aside and the cause is remanded to the trial court with instructions to permit Nicole, within 30 days of the receipt of this court's mandate by the trial court, to file an answer or other proper pleading, and thereupon to take such further actions, not inconsistent with this opinion, which may be necessary and proper.

MAUS and SHRUM, JJ., concur.