Mark W. LaROSE, Plaintiff–Respondent,

v.

Dennis LETTERMAN, Defendant–Appellant.

No. 19489.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 13, 1994.

David C. Vaughn, III, Fredrick, Rogers & Vaughn, P.C., Springfield, for defendant-appellant.

Richard D. Crites, Springfield, for plaintiff-respondent.

GARRISON, Judge.

This appeal involves a default judgment entered against Appellant Dennis Letterman (Defendant). Respondent Mark LaRose (Plaintiff), a Springfield Missouri police offi-

cer, filed suit against Defendant alleging that he was struck, assaulted, battered and kicked while attempting to arrest Defendant three days earlier. As a result, he alleged that he suffered "personal injuries, pain and suffering and cuts, bruises and scrapes" and "property damage to the police uniform" which he was wearing. The prayer of the petition requested $50,000 in compensatory damages and $150,000 in punitive damages.[1]

When the petition was filed on February 8, 1993, Plaintiff's attorney instructed the circuit clerk to "[h]old service; atty will call with service address." Nothing further appears in the record concerning service until January 14, 1994 when an alias summons was issued and served on Defendant in the Greene County Jail. Defendant had, that same day, been incarcerated for what the parties agree was a plea of guilty to a charge of assault arising from the same events as those described in Plaintiff's petition.

No entry of appearance or responsive pleading was filed in behalf of Defendant within thirty days, and Plaintiff, on February 16, 1994, obtained a default judgment for $500,000 compensatory damages and $1,750,-000 punitive damages with interest from that date. The only indication of evidence which was presented to the trial court consists of a recital in the judgment that the court heard "the testimony of the Plaintiff." The docket sheet entry for that date reflects Plaintiff's appearance with his attorney and states: "Deft remains in default. Hearing held-evidence heard. Judgment for Pltf vs Deft. Judgment executed, filed and made a part hereof." No record exists of the hearing for the default judgment other than the written judgment and the docket entry.

On March 1, 1994, Defendant filed a "Motion To Set Aside Default Judgment" pursuant to Rule 74.05(c).[2] The motion was overruled by the trial court on March 3, 1994 after having been heard and taken under advisement the previous day. This appeal followed.

Before discussing the merits, we first consider Plaintiff's Motion To Dismiss Appeal in which he claims that the notice of appeal was untimely. He argues that pursuant to Rule 81.04 a notice of appeal must be filed not later than ten days after the judgment or order appealed from becomes final. In the instant case, the default judgment was entered on February 16, 1994. Plaintiff argues that the judgment became final thirty days later (March 18, 1994) with the result that the time for filing an appeal expired ten days thereafter, on March 28. Therefore, he reasons that the notice of appeal filed on April 11, 1994 was untimely.

■ The first of Defendant's two points on appeal, which we find determinative, concerns the failure of the trial court to sustain his Motion To Set Aside Default Judgment. Such a motion is an independent action, the determination of which is an independent judgment. *Kueper v. Murphy Distributing,* 834 S.W.2d 875, 878 (Mo.App.E.D.1992). That judgment becomes final thirty days after its entry and an appealing party then has ten days thereafter within which to appeal. In the instant case, the denial of the motion occurred on March 3, 1994. The notice of appeal, filed thirty-nine days later on April 11, was timely. Because we need not reach Defendant's second point, the timeliness of the appeal as to it is moot.

■ Plaintiff also alleges that Defendant's points relied on are deficient under the requirements of Rule 84.04(d) because they do not set forth wherein and why the trial court's rulings were erroneous and do not state the reasons why the refusal to set aside the default judgment was an abuse of discretion. As a result, Plaintiff contends that nothing has been preserved for appellate review.

Defendant's first point on this appeal is:

The trial court's refusal to set aside its judgment of February 16, 1994, was erroneous, in that it erroneously applied the

---

1. At the time Plaintiff's petition was filed, § 509.050 RSMo and Rule 55.05 provided, in part: "no dollar amount or figure shall be included in the demand except to determine the proper jurisdictional authority, but the prayer

shall be for such damages as are fair and reasonable."

2. All references to rules are to Missouri Rules of Court, V.A.M.R.

law and abused its discretion as appellant had, pursuant to Missouri Supreme Court Rule 74.05(d), presented the necessary showing to compel the court's default judgment be set aside.

We agree that this point fails to comply with Rule 84.04(d). Notwithstanding such deficiencies, where the basis of the issue is cognizable from the argument section of the brief, an appellate court may, in its discretion, proceed to review the point in the interests of justice. *First Assembly Church v. Ticor Title Ins.*, 872 S.W.2d 577, 582 (Mo. App.S.D.1994). Additionally, even though not raised or preserved, an appellate court may review to determine if plain error affecting substantial rights has occurred which resulted in manifest injustice or miscarriage of justice. Rule 84.13(c); *Gill v. Farm Bureau Life Ins. Co.*, 856 S.W.2d 96, 97 (Mo. App.S.D.1993).

In support of his first point, Defendant argues that the trial court abused its discretion in not setting the judgment aside pursuant to his motion under Rule 74.05(d).[3] He argues that good cause was demonstrated in his motion as well as a meritorious defense to Plaintiff's claim.

A motion to set aside a default judgment is addressed to the sound discretion of the trial court, the exercise of which will not be interfered with on appeal unless the record demonstrates an abuse of that discretion. *Hughes v. Christian*, 586 S.W.2d 788, 790 (Mo.App.W.D.1979). The law favors a trial on the merits but also defends the integrity of the legal process and procedural rules and therefore does not sanction the disregard thereof. *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989). The discretion not to set aside a default judgment is a good deal narrower than the discretion to set one aside, with the result that appellate courts are more likely to interfere when the trial court has denied such a request. *Boatmen's First Nat. Bank v. Krider*, 844 S.W.2d 10, 12 (Mo.App.W.D. 1992); *Volvo Finance North America v.*

*Raja*, 754 S.W.2d 955, 957 (Mo.App.W.D. 1988). The reason is that when a default judgment is set aside, the case is reopened and justice will be done on a trial on the merits. *Rattner v. Nations*, 737 S.W.2d 490, 494 (Mo.App.E.D.1987).

In his motion, Defendant alleged that he had been available for service after the petition was filed but that Plaintiff's attorney withheld that service until the day he was incarcerated, which inhibited his efforts to obtain counsel; that after one week in the Greene County Jail he was transferred to the Fulton Reception and Diagnostic Center where he was held until February 15, 1994, at which time he was taken to the Algoa prison facility in Jefferson City; that Defendant's mother attempted to obtain the services of an attorney to defend the case, but the two attorneys contacted were either unable to take the case or requested more money than he could afford; that assistance was requested from the ACLU and Legal Aid without success; that the attorney who filed the motion had been contacted on Saturday, February 19, 1994 and retained on February 21; and that he had "a meritorious defense to the claims of the plaintiff."

A proposed answer to the petition was filed with the motion, which consisted of a general denial and allegations that the petition did not state a claim, the doctrine of comparative fault should be applied, and the petition should be dismissed on the theory of laches.

Also attached to the motion was the affidavit of Defendant's mother which stated that: Defendant mailed the summons and petition to her from the Greene County Jail and telephoned her concerning legal assistance because he did not know how to respond to the petition; Defendant was moved from the Greene County Jail within one week after being served; and it described her unsuccessful efforts to obtain an attorney for her son and to find out when the matter would be taken up in court. The affidavit also recited that Defendant denied not only striking

---

**3.** Rule 74.05(d) provides that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown." It also provides that "good

cause" includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

Plaintiff but also that he was injured to the extent alleged.

Defendant later filed supplemental suggestions in which he reiterated the denial that he struck Plaintiff and that Plaintiff was injured to the extent alleged. He also alleged that discovery was necessary to assess any damages and that Plaintiff had been awarded ten times the compensatory damages requested in the petition despite his continued employment as a police officer.

■ Rule 74.05(d) requires that a motion to set aside a default judgment shall be for "good cause shown" which includes a mistake or conduct not intentionally or recklessly designed to impede the judicial process. This portion of the rule is a liberalization of the requirements necessary to set aside a default judgment. *Boatmen's First Nat. Bank v. Krider*, 844 S.W.2d at 12; *McClelland v. Progressive Cas. Ins. Co.*, 790 S.W.2d 490, 493 (Mo.App.S.D.1990).

The court in *Bredeman v. Eno*, 863 S.W.2d 24, 26 (Mo.App.W.D.1993), held that "[w]ithout supporting facts, the alleged failure to obtain counsel indicates a conscious choice to ignore the summons and suggests recklessness designed to impede the judicial process." In the instant case, however, there was no apparent effort to serve Defendant for eleven months before he was incarcerated, and the motion as well as the affidavit of Defendant's mother indicated a desire to obtain counsel shortly after service, followed by several unsuccessful efforts to do so. Additionally, the instant motion was filed only thirteen days after entry of the default judgment.

■ A motion under Rule 74.05(d) must also demonstrate the existence of a meritorious defense, although there is no universal standard to establish the components of that requirement. *Bredeman v. Eno*, 863 S.W.2d at 26. "Defense" as used in Rule 74.05 is not used in a restrictive sense, but has been interpreted to mean any factor likely to materially affect the substantive result of the case. *Bell v. Bell*, 849 S.W.2d 194, 198 (Mo. App.W.D.1993). The proffered defense does not have to be conclusively proven, but must simply show the existence of an arguable theory of defense. *Id.* The *Bell* court stated that it would be inconsistent with the distaste for default judgments to take an overly restrictive approach to the meaning of the word "defense." *Id.* at 199.

■ In the instant case, Defendant's motion alleged that he had a meritorious defense, without specifying what it was or its basis. His proposed answer consisted of denials of Plaintiff's allegations, including that of liability, injury and damage, and a broad allegation that comparative fault should apply. Both his mother's affidavit and his supplemental suggestions stated that Defendant "denies striking officer LaRose." Notwithstanding this claim, Defendant pled guilty to assault in connection with the incident in question. We are unable to conclude that the trial court abused its discretion in failing to set aside the judgment as to liability for compensatory damages.

■ The record, however, indicates that, under the particular circumstances of this case, there was a sufficient showing of a meritorious defense relating to the issues of (a) the amount of compensatory damages, (b) liability for punitive damages; and (c) the amount of punitive damages, if any. Defendant's motion attacked the damages portion of the judgment. The affidavit of Defendant's mother was presented, apparently without objection, stating that Defendant denied that Plaintiff was injured to the extent alleged. His supplemental suggestions in support of the motion also argued that without discovery it was impossible to assess the extent of Plaintiff's damages, and noted that the petition originally requested $50,000 in compensatory damages but a judgment for $500,000 was entered eleven months later despite "Office [sic] LaRose's continued employment as a police officer." We also note that there was no allegation in the petition of any permanent injury or damages resulting from medical expense or impairment of earning capacity, and also that the punitive damages awarded exceeded the prayer by $1,600,000. These matters would have been proper for consideration on the issue of damages. *See Bell v. Bell*, 849 S.W.2d at 199. In *Bell*, the court said that "[t]he concept of 'meritorious defense' likewise is not intended

to impose a high hurdle; it is designed to allow a matter to be resolved on its merits where there are meritorious matters to be considered." *Id.*

We conclude, therefore, that there were factors demonstrated which could materially affect the result of the underlying case. We therefore reverse the judgment except that portion finding liability for compensatory damages and remand this cause to the trial court. Failure to do so would result in a manifest injustice. Because we do not reverse the judgment as to liability for compensatory damages, the judgment shall be considered as interlocutory with the remaining issues to be determined as provided in Rule 74.05(b).

CROW and PARRISH, JJ., concur.