**Vickie L. MAGEE, Appellant,**

v.

**Dennis R. MAGEE, Respondent.**

No. WD 49932.

Missouri Court of Appeals, Western District.

July 18, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1995.

---

Richard T. Brewster, Jr., Brewster & Brewster, Kansas City, for appellant.

Aunna L. Peoples, Kansas City, for respondent.

Before KENNEDY, P.J., and SMART and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 1993, Dennis Magee, an Illinois resident, filed a pro se Motion for Termination of Child Support, alleging that his daughter, Azure Mae Magee, was eighteen years old, was not enrolled in or attending a secondary school program of instruction and was not enrolled in or attending an institution of vocational or higher education.

Vickie Magee filed an Answer and Cross-Motion for Modification and Enforcement of Child Support and Maintenance in Gross Orders. Ms. Magee's Answer alleged that Mr. Magee acted in bad faith in filing the Motion to Terminate because he had been fully informed that his daughter was enrolled in a vocational school. Ms. Magee sought an award of her costs and attorney fees incurred in defending the motion to terminate child support.

In her Cross-Motion, Ms. Magee also sought modification of the Dissolution Decree to include notice provisions permitted by Missouri statute regarding wage withholding; a determination of the amount of maintenance and interest thereon due and owing to date; a determination of the amount of child support and interest thereon due and owing to date; and an award of her costs and attorney fees incurred in bringing the Cross-Motion. Mr. Magee was served with a copy of both the Answer and Cross-Motion by mail on September 30, 1993.

Mr. Magee did not file an Answer or other pleading responsive to Ms. Magee's Cross-Motion. He also failed to appear at a Docket Call in Independence on April 7, 1994, at which time the court set both the Motion to Terminate and the Cross-Motion for trial on Monday, June 20, 1994, at 9:30 a.m. in Independence. Notice of the trial date and location was mailed to Mr. Magee in Illinois on April 19, 1994.

Sometime prior to the June 20, 1994 trial date, Mr. Magee contacted his Illinois attorney. As a result of this conversation, Mr. Magee apparently understood that Illinois counsel would contact a local Missouri attorney to appear at the June 20, 1994 trial, while Illinois counsel thought Mr. Magee would contact Missouri counsel for this purpose. Because of this mutual misunderstanding, neither Mr. Magee nor Illinois counsel in fact contacted Missouri counsel or forwarded suit papers to Missouri counsel for some time. The mistake was discovered and Missouri counsel Aunna L. Peoples was hired to represent Mr. Magee. She was sent the suit papers late in the day on Friday, June 17, 1994, the last workday before the Monday, June 20, 1994 trial setting.

Ms. Peoples states that due to the timing of her receipt of the suit papers, she was unable to contact Ms. Magee's attorney or file an entry of appearance prior to the June 20, 1994 trial. Moreover, she explains that she was already scheduled to appear in another case set to be heard on the morning of Monday, June 20, 1994. She therefore was not able to arrive at the Independence courthouse in time to attend the 9:30 a.m. hearing.

Ms. Peoples had not called the court to inform it of the conflict in her schedule or to request a delay in the trial, nor had she contacted opposing counsel for that purpose. Counsel for Ms. Magee did appear at the June 20, 1994 hearing. Both the court and counsel for Ms. Magee believed that Mr. Magee had chosen not to appear in person or by counsel. The court therefore permitted Ms. Magee to offer evidence with regard to both Mr. Magee's Motion and Ms. Magee's Cross-Motion, and then entered an order at the hearing denying Mr. Magee's motion to terminate child support and granting Ms. Magee's motion to modify child support and for enforcement of maintenance in gross in accordance with Ms. Magee's testimony and her pleadings.

Very shortly after the conclusion of the hearing, while Ms. Magee's counsel was still in the process of obtaining conformed copies

of the judge's order, Mr. Magee's attorney, Ms. Peoples, appeared in the Clerk's Office. She explained the reason for her non-appearance at the hearing to counsel for Ms. Magee, but Ms. Magee's attorney declined Ms. Peoples' request at that time to set aside the order by agreement.

On June 29, 1994, Mr. Magee filed a Motion to Set Aside Default Judgment and to Allow Answer Out of Time. The motion and suggestions set out the course of events recited above, and argued that the confusion as to obtaining an attorney to represent Mr. Magee at the hearing constituted good cause to set aside the default judgment.

Mr. Magee also stated in his motion and again in his supporting suggestions that he had a meritorious defense to the motion to modify child support and maintenance. Ms. Peoples also filed an affidavit in support of the motion. The affidavit itself contained no facts, but simply stated that the facts set forth in the motion were true to the best of Ms. Peoples' knowledge and belief. However, neither the motion nor the suggestions set forth a single fact explaining what allegations constituted Mr. Magee's meritorious defense.

Attached to the motion was a proposed, unverified Answer. The Answer admitted to two specific facts alleged in the Cross–Motion and denied each other allegation, including the allegations that child support and maintenance were due and owing. The Answer also alleged that Mr. Magee was paying child support by wage withholding. It set forth no other facts in support of the denials.

On July 18, 1994, the trial judge entered an order which stated that, after reviewing the court file, Mr. Magee's motion and the supporting and opposing suggestions, the judge found that "cause does exist" to set aside the entry of default judgment. The judge set aside the default judgment, granted Mr. Magee leave to file an answer out of

time, and accepted Mr. Magee's Answer to Petitioner's Cross–Motion previously filed with the court.

Ms. Magee appeals the order setting aside the default judgment. We reverse and remand with directions to reinstate the default judgment in favor of Ms. Magee.

## II. THE TRIAL COURT ERRED IN SETTING ASIDE THE DEFAULT JUDGMENT AS TO THE ISSUES RAISED IN THE CROSS–MOTION.

Ms. Magee argues that the trial court erred in setting aside the June 20, 1994 default judgment because Mr. Magee failed to meet the requirements of Rule 74.05(d) governing when default judgments may be set aside. Rule 74.05(d) states:

Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

We find that the trial court was within its discretion in holding that Mr. Magee satisfied the portion of the rule requiring him to show good cause why the default judgment should be set aside, but that the evidence does not support a finding that Mr. Magee had satisfied the portion of the rule requiring his motion to set forth *facts* constituting a meritorious defense.[1]

---

1. Ms. Magee also argues that the judgment below was not a default judgment at all, but rather was a judgment on the merits, citing *Cotleur v. Danziger*, 870 S.W.2d 234 (Mo. banc 1994), and as such Mr. Magee was required to show excusable neglect under 74.06 in order for the judgment to be set aside. Because of our resolution of the other issues raised, we need not determine this

issue. We note, however, that in *Cotleur* the party had actually filed an answer and simply failed to appear at a hearing. Here, Mr. Magee did not file an answer or other responsive pleading to the Cross–Motion. We further note that, inasmuch as a Motion to Modify is treated as an independent petition, *Wilton v. Wilton*, 235 S.W.2d 418 (Mo.App.1950), Ms. Magee has failed

### A. Mr. Magee Showed Good Cause To Set Aside the Default Judgment.

Motions to set aside default judgments are governed by Rule 74.05(d), which provides that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown.... Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d).

■ The trial court has the discretion to set aside a default judgment and the trial court's decision in that regard will generally not be interfered with unless the record convincingly indicates an abuse of discretion. *Jeffries v. Jeffries,* 840 S.W.2d 291, 293 (Mo. App.1992); *Gibson v. Elley,* 778 S.W.2d 851, 852 (Mo.App.1989).

■ Mr. Magee alleges that his attorney failed to appear at the June 20 trial because of a misunderstanding between Mr. Magee and his Illinois attorney as to who would contact Missouri counsel. A similar misunderstanding was found to be "good cause" in *Bell v. Bell,* 849 S.W.2d 194 (Mo.App.1993). In *Bell,* Wife filed for divorce in Wisconsin and Husband filed for divorce in Missouri. A default judgment was entered in the Missouri action because Wife had not filed an answer to Husband's petition. Wife filed a motion to set aside the default judgment. Evidence revealed that Wife's Wisconsin attorney wrote to Missouri counsel asking that Missouri counsel attempt to obtain dismissal of the Missouri action. The letter arrived in Missouri counsel's office while she was on vacation. In the meantime, the secretary for Missouri counsel talked by telephone with the Wisconsin attorney and mistakenly understood the Wisconsin attorney would attempt to get Husband's attorney to voluntarily dismiss the Missouri action. Therefore, the secretary waited and heard nothing further until she checked with the court and found that a default judgment had been entered. She then informed Missouri counsel, who promptly moved to set aside the default, thirteen days after the default was entered. The appellate court found that the record showed the Wife made a showing of "good cause."

Likewise, in this case, Mr. Magee mistakenly understood that his Illinois attorney would be contacting Missouri counsel to arrange representation and his Illinois attorney mistakenly understood that Mr. Magee would be contacting the Missouri attorney. As a result of the consequent delay in contacting Missouri counsel, Ms. Peoples received the information about the June 20, 1994 trial too late for her to contact Ms. Magee's attorney or to enter an appearance at the trial. Just as in *Bell,* the mistake by Mr. Magee and his Illinois attorney "could not be considered reckless since [they were] not consciously disregarding a known risk."

In addition, like Missouri counsel in *Bell,* as soon as Ms. Peoples discovered the mistake, she promptly moved to set aside the default judgment. And, in fact, Ms. Magee's attorney concedes that Mr. Magee's attorney appeared in the clerk's office before Ms. Magee's counsel had even left the courthouse, seeking an agreement to set aside the default judgment. The motion to set aside was filed only nine days after the default judgment was entered. "The sooner the mistake is discovered, and acted upon, the more receptive the courts should be to a motion to set aside. Prompt action to set aside a judgment is less threatening to the stability of the final judgment rule than action taken substantially later. Liberality should especially be applied when prompt action is taken in domestic cases." *Bell* at 198.

■ In close cases, deference must be given to the determination of the trial judge as to whether conduct in a particular case is excusable as not being reckless or intention-

to offer any reason why Mr. Magee's failure to answer the Cross–Motion did not provide a basis for finding him in default as to the issues raised in the Cross–Motion. We agree that the failure to answer the allegations of the Cross–Motion could not have placed Mr. Magee in default as to his own motion to terminate child support. The judgment against Mr. Magee with regard to his motion to terminate child support was on the merits. However, this does not affect the outcome of the appeal as it did not prejudice Ms. Magee and Mr. Magee does not raise this issue on appeal.

al. *Id.* For these reasons, we find the trial court acted well within its discretion in holding that Mr. Magee showed good cause to set aside the default judgment.

### B. *Mr. Magee Failed to Show The Existence of A Meritorious Defense.*

 In addition to good cause, Rule 74.05(d) requires that movant show that he has a meritorious defense. The defense does not have to be conclusively proven, but must simply show the existence of an arguable theory of defense. *Bell,* 849 S.W.2d at 198. "Defense" as used in Rule 74.05(d) is not used in a restrictive sense but means any factor which is likely to have a material effect on the substantive result of the case. *Id.* Nonetheless, where:

> the meritorious defense is factual, as opposed to a defense which is a matter of law ... the court should insist on a specific recitation of particular facts which, if proven, would constitute a meritorious defense.

*McClelland v. Progressive Casualty Ins. Co.,* 790 S.W.2d 490, 494 (Mo.App.1990). *See also Harris v. Mitchell Transport, Inc.,* 812 S.W.2d 183, 184 (Mo.App.1991). Mere assertions of conclusions and speculation do not constitute a meritorious defense. *Bredeman v. Eno,* 863 S.W.2d 24, 25 (Mo.App.1993).

In determining compliance with the pleading requirements of Rule 74.05(d), appellate courts examine the allegations in the motion of the party in default, and such other documents as affidavits, exhibits and proposed answers. *Bredeman,* 863 S.W.2d at 25; *McClelland,* 790 S.W.2d at 493–94.

 The trial court is generally given great discretion in determining that a default judgment should be set aside because the movant has shown good cause and a meritorious defense. *Engine Masters v. Kirn's, Inc.,* 872 S.W.2d 644 (Mo.App.1994). Here, however, we find as a matter of law that Mr. Magee failed to set forth facts which, if proved, would constitute a meritorious defense. *Cf. Robbins v. Jewish Hosp. of St. Louis,* 663 S.W.2d 341 (Mo.App.1983) (there is no discretion when the question involves a matter of law).

Mr. Magee does not argue that either his Motion to Set Aside, his supporting suggestions or the affidavit of Ms. Peoples contain sufficient facts to meet the meritorious defense aspect of the rule governing the setting aside of default judgments. He could not do so, for no facts relevant to this issue are stated in any of those three documents. However, Mr. Magee does argue that his proposed Answer, filed contemporaneously with his Motion to Set Aside, states a meritorious defense to Ms. Magee's Cross–Motion to Modify in that it states that Mr. Magee has been paying child support.

An examination of Mr. Magee's proposed Answer does not support this argument. The Answer is devoid of any allegation of fact which would negate the allegations of the Cross–Motion that Mr. Magee owes additional child support and maintenance in gross. Other than a prayer that the Cross–Motion to Modify be denied, the entire Answer consists of the following seven paragraphs:

1. Respondent admits the allegations contained in paragraph 1.

2. Respondent admits that the maintenance in gross was not paid but denies each and every other allegation contained in paragraph 2.

3. Respondent is without sufficient knowledge to admit or deny the allegations contained in paragraphs 3 and 10.

4. Respondent denies the allegations contained in paragraphs 4, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17 and 18.

5. Respondent admits that a wage withholding order was entered in Brown County, Illinois for child support but denies each and other [sic] allegation contained in paragraph 5.

6. Respondent denies any and all other allegations not specifically admitted in this Answer.

7. Further answering Respondent states that he is paying child support by wage withholding.

As is evident, these conclusory denials fail to set forth even the minimum facts necessary to support a determination that Mr. Magee had an arguable theory of defense to

the claims for maintenance in gross and for additional child support. Mr. Magee admitted the debt for maintenance in gross and asserted only that he was having money deducted from his wages for child support.

This did not negate the allegations of the Cross–Motion or the proof at trial that Mr. Magee had failed to pay the ordered maintenance in gross, that Mr. Magee was behind in his child support payments as of the filing of the Cross–Motion in September, 1993 even though he had been subject to court-ordered wage withholding, and that Mr. Magee had failed to make many of the current child support payments ordered by the court and most of the payments of past arrearages ordered by the court. As such, his Answer did not constitute a meritorious defense. *See Bredeman,* 863 S.W.2d at 25.

For these reasons, we reverse the trial court's order setting aside the default judgment and remand with directions that the default judgment be reinstated.

All concur.