Claresta J. LEWIS, Appellant,

v.

Kenneth SHIELDS, Respondent.

No. WD 57028.

Missouri Court of Appeals, Western District.

May 2, 2000.

Ellen M. Ryan, Fairway, for appellant.

Gail Berkowitz-Gifford, Kansas City, for respondent.

Before: Presiding Judge SPINDEN, Judge LOWENSTEIN and Judge ULRICH.

HAROLD L. LOWENSTEIN, Judge.

Following mislabeled consecutive motions both to terminate and to modify child support by the non-custodial parent, along

with improperly labeled and filed supporting documentation, the appellant mother here seeks to set aside a default judgment entered against her on her ex-husband's motion to modify support. Rule 74.05(d).

## I.

Appellant Claresta Lewis' and Respondent Kenneth Shields' marriage was dissolved on February 1, 1988. Pursuant to the divorce decree and modifications thereto, Appellant was granted physical custody of the couple's minor child, and Respondent was ordered to pay Appellant child support.

On June 26, 1998, Respondent filed his pro se "Motion to Terminate Child Support" (the "Motion to Terminate") in the Circuit Court of Jackson County. He alleged Appellant had kicked the child out of the house, and therefore his monthly support of $268.00 should be terminated. The Motion to Terminate was given the case number DR87–7092D ("7092D" for simplification purposes). Appellant was served on July 20, 1998. On July 29, 1998, Respondent then filed in circuit court a "Motion to Modify Decree of Dissolution as to Custody and Child Support" (the "Motion to. Modify"). In this motion, Respondent alleged the child, who would turn eighteen on September 13, 1998, had been living with him since May 1998. He requested custody be changed over to him. He waived any right to support. Respondent originally filed the Motion to Modify under the case number 7092D, the termination motion. However, the court changed the case number on the modification motion to DR87–7092E ("7092E"), as per local rule requirements. On the same day, July 29, 1998, Respondent filed an "Affidavit Acknowledging Receipt of Service and Waiving Notice of Hearing" signed by Appellant which Respondent labeled 7092D (the June 26 Motion to Terminate). The waiver shows Appellant's notarized signature dated July 21, 1998, a date prior to Respondent's filing his Motion to Modify

(7092E). Also filed by Respondent was a stipulation as "...to the allegations and requests made in respondent's motion..." in which Appellant "...voice[d] no objection to the relief sought." The stipulation was labeled 7092D (the Motion to Terminate). Again, the stipulation was signed and notarized on July 21, 1998. It does not appear Appellant could have intended to stipulate or waive notice of hearing as to any motion other than the June 26 Motion to Terminate as both the stipulation and the waiver were signed by Appellant before the Motion to Modify was ever filed with the court and both were labeled as 7092D. Appellant filed no responsive pleading to the Motion to Modify.

On August 4, 1998, Respondent set the Motion to Modify, 7092E, for hearing on September 29, 1998.[1] No notice of hearing was sent to Appellant regarding this motion. Therefore, it appears the court believed Appellant had waived notice of hearing as to the Motion to Modify, even though the waiver of hearing Appellant signed was labeled 7092D, the Motion to Terminate. On August 24, Respondent set the Motion to Terminate, 7092D, for hearing on October 5. A "Notice of Hearing" was prepared and mailed to Appellant on the Motion to Terminate, but was mislabeled as 7092E, instead of 7092D. After receiving the notice of hearing, Appellant filed a "Request for Continuance" in 7092E, the Motion to Modify, on September 28. Appellant apparently believed that the notice of hearing for the Motion to Terminate, labeled with the case number for the Motion to Modify, actually set the hearing date for the Motion to Modify on October 5. This obviously would have caused Appellant great confusion, as she had previously been notified by Respondent that the hearing on the Motion to Modify was set for September 29. Apparently, she believed the hearing had been moved and requested a continuance as to the Motion to Modify. However, amidst all the clerical errors, Appellant did not

1. All further references to dates will be in the year 1998 unless otherwise indicated.

realize that the date for the Motion to Modify had not been moved, but that the notice of hearing was simply mislabeled, and that the Motion to Modify would still be heard September 29, and the Motion to Terminate would be heard October 5.

The circuit court received Appellant's request for continuance on September 28, but went ahead and on September 29 held hearing on the Motion to Modify. Since Appellant was not present at this hearing, a judgment was entered changing custody to Respondent and terminating his support. Although the court's docket shows the hearing was held on the Motion to Modify, 7092E, and the judgment entered was titled "Judgment Entry of *Modification*" (emphasis added), the judgment rendered on the Motion to Modify was labeled as 7092D, the Motion to Terminate. This judgment, which is the subject of this appeal, made no reference to any obligation of Appellant for support. On September 29, Respondent mailed to Appellant a copy of the default judgment, which is now under review, and informed Appellant that the October 5 hearing had been cancelled.

On December 17, 1998, Respondent filed what was his second motion to modify, but was in fact a motion to modify the September 29, 1998, judgment which gave him custody, and specifically asked Appellant to pay reasonable child support. This prompted Appellant to file on February 1, 1999, along with her answer to this new motion, the action which is under review – her motion to set aside the September 29 default judgment, to correct the court file, and for attorney fees. In her motion to set aside, Appellant alleged she did not receive proper notice for the hearing on the Motion to Modify due to the clerical mistakes present in the notice she was sent.

▇▇▇ No hearing was held on Appellant's motion to set aside the judgment.[2] In an order dated February 19, 1999, Appellant's motion to correct the court file was dismissed for failure to state a cause of action. In an order dated February 25, 1999, Appellant's motions to set aside the default judgment and for attorney fees were overruled. There is additional confusion surrounding the February 25, 1999, order of the court. In it, the court insinuates that the September 29 hearing and subsequent default judgment entered were both upon the Motion to Terminate, 7092D. This fact is apparent from the court's findings and order, which were as follows:

> On July 29, 1998, in DR87–7092E, the Respondent filed a Motion to Modify Decree of Dissolution as to Custody and Child Support.
>
> This motion is duplicative of the motion in DR87–7092D.
>
> The Court hereby dismisses the cause of action in DR87–7092E.

By this docket entry, the court apparently believed the September 29 hearing was upon 7092D, the Motion to Terminate, and not the Motion to Modify. Otherwise, there would be no need for the court to dismiss the "duplicative" Motion to Modify, as it had already been decided. Based on the preceding, it is unclear upon which motion the September 29 hearing and judgment were based. The court docket listed the hearing as being on a motion to modify custody, labeled 7092E, the Motion to Modify. The judgment itself was labeled as the Motion to Terminate, but was titled as a judgment of modification.

---

**2.** Appellant asserts in her brief that "[n]o hearing was ever held on Appellant's motion to set aside the default judgment." Respondent adopted and incorporated this statement of fact into his brief on appeal. "Where a statement of fact is asserted in one party's brief and conceded to be true in the adversary's brief, we may consider it as though it appears in the record." *Woodard v. Director* *of Revenue,* 876 S.W.2d 810, 811 (Mo.App. 1994). However, the order denying Appellant's motion to set aside the default judgment contains the language, "Petitioner's motion to set aside default judgment coming on for hearing..." This language appears to be incorrect or superfluous, and this court will rely on the stipulation by the parties that no hearing was held on the matter.

Appellant's points of error on appeal are: (1) The trial court erred in overruling Appellant's motion to set aside the default judgment because Appellant had a good cause or excuse for the default and a meritorious defense in the matter; (2) The trial court erred in dismissing Appellant's motion to correct the court file because such correction may be made by Rule 74.06(a); (3) The trial court erred in overruling Appellant's motion for attorney fees because the motions filed in conjunction with the motion for attorneys fees were wrongly overruled.

Out of all this confusion, much of which was generated by the parties, it seems safe to observe the following: (a) The original pro se Motion to Terminate merely asked for Respondent's payment of support to cease since the child was living with her father; (b) Appellant stipulated to the "allegations and requests" made in Respondent's Motion to Terminate; (c) Respondent then filed the second motion (the Motion to Modify) and included with this filing Appellant's stipulation and waiver of notice which appeared to have been intended for the previous Motion to Terminate; (d) The September default judgment not only terminated Respondent's obligation for support but also awarded him custody; (e) Respondent then changed positions and requested support from Appellant, prompting Appellant to seek a set aside of the September default judgment.

## II.

### A. Motion to Set Aside the Default Judgment

■ Appellant's first point is that the trial court erred in overruling her motion to set aside the default judgment. Appellant principally relies on Rule 74.05(d). Rule 74.05(d) provides, "[u]pon motion stating facts constituting a meritorious defense and for good cause shown…a default judgment may be set aside." Appellant asserts she had a defense to the Motion to Modify custody and child support which she would have presented had she been given proper notice of the hearing. Name-

ly, Appellant contends she would have defended the motion on the ground that the minor child at issue was emancipated and therefore not under the care, custody, or control of either parent. An emancipated child is not the proper subject of a motion to modify custody and child support. Additionally, Appellant states that she can show good cause for her failure to appear at the motion hearing due to the unique posture of this case and the numerous clerical errors involved in its handling.

■ By Rule 74.05(d), "[i]n order for [a] court to set aside a default judgment, the motioning party must include facts, *within the motion to set aside,* constituting a meritorious defense." *Distribution Transp. Services, Inc. v. Salihovic,* 2 S.W.3d 822, 824 (Mo.App.1999) (Emphasis added). "Facts constituting a meritorious defense" is not a restrictive requirement and has been interpreted to mean "any factor likely to materially affect the substantive result of the case." *LaRose v. Letterman,* 890 S.W.2d 347, 351 (Mo.App. 1994) citing *Bell v. Bell,* 849 S.W.2d 194, 198 (Mo.App.1993). "The proffered defense does not have to be conclusively proven, but must simply show the existence of an arguable theory of defense…The *Bell* court stated it would be inconsistent with the distaste for default judgments to take an overly restrictive approach to the meaning of the word 'defense.'" *Id.* citing *Bell,* 849 S.W.2d at 199.

■ Appellant must have pled facts constituting a meritorious defense in her motion to set aside the default judgment. This court can find no evidence of such. The only language pertaining to a defense of the Motion to Modify reads, "The Petitioner did not object to the Respondent's Motion to Terminate…but did want to present her defenses in the Motion to Modify." This is simply insufficient. Since Appellant failed to allege facts sufficient to constitute a meritorious defense within her motion to set aside the default judgment, the trial court did not err in denying that motion. *Distribution Transp. Services,* 2 S.W.3d at 824.

From the fact portion of this opinion, it is certainly obvious to the reader that this case presents a very unusual set of circumstances. The situation seems inherently unfair to Appellant. However, a decision may be overturned on appeal only if the appellant has been *prejudiced* by the determination. *Krienke v. Lohman*, 963 S.W.2d 11, 12 (Mo.App.1998). This court can find no prejudice to Mother by the trial court's entry of default judgment against her. Appellant's assertion on appeal is that, had she received notice of the hearing, she would have defended Respondent's Motion to Modify on the basis that the child is emancipated and therefore should not be the subject of a proceeding to determine custody and/or child support. However, Appellant will still have the opportunity to present this argument at the hearing on Respondent's present motion for child support. As to the issue of custody, Mother has never complained of custody being switched to Respondent. Her concern is with her possible obligation to pay child support. On that point, she still has available to her a forum in which to present her case and was therefore not prejudiced by the entry of default judgment. As much as this case presents an unfair and confusing set of circumstances, under the law, Appellant has suffered no prejudice thereby, and the decision cannot be overturned by this court. Point denied.

**B. Motions to Correct the Legal File and for Attorney Fees**

Appellant's second and third points are that the trial court erred in dismissing her motion to correct the legal file for failure to state a cause of action and in overruling her motion for attorney fees. Appellant has pointed to no viable reason for this court to overturn either determination. Points denied. The judgment is affirmed.

All Concur.