Agnes GORZEL, Respondent,

v.

Louis W. ORLAMANDER and Marie G. Orlamander, Appellants.

No. 48620.

Supreme Court of Missouri,

Division No. 1.

Dec. 11, 1961.

Rehearing Denied Jan. 8, 1962.

**676**

Susman, Willer, Rimmel & Elbert, Harold I. Elbert, St. Louis, for appellants.

Harry Gershenson, St. Louis, for respondent.

HOLMAN, Commissioner.

Plaintiff and defendants owned and occupied adjoining residential lots in Normandy, Missouri. In this action plaintiff obtained a judgment by default to the effect that she had acquired an easement by prescription over the north one foot of defendants' lot for use as a part of her driveway. It was also adjudged that defendants should remove a fence they had constructed which interfered with plaintiff's use of said strip of ground. The court overruled defendants' motion to set aside the default judgment and they have appealed. Since the judgment granted an easement over the land of defendants, title to real estate is directly involved and appellate jurisdiction is in this

court. Dalton v. Johnson, Mo.Sup., 320 S.W.2d 569.

This suit was filed on May 9, 1960. No pleading having been filed by defendants, an order of "default and inquiry" was entered by the court on June 17, 1960. Plaintiff appeared on July 8, 1960, and offered evidence in support of the allegations in her petition and the judgment heretofore mentioned was entered on July 13, 1960. However, on the date last mentioned defendants' attorney appeared and sought permission to file an answer, but such was refused and it was "lodged with the court" and in that manner appears in the transcript. It was in the nature of a general denial.

On July 15, 1960, defendants filed a "Motion to Set Aside Default Judgment," which reads as follows:

"Comes now the defendants, L. W. Orlamander and Mrs. L. W. Orlamander and move the court to set aside the default judgment rendered in the above-entitled cause on July 8, 1960 for the following reasons:

"1. That said defendants have a good and meritorious defense to the above-entitled cause of action and that grave injustice and serious damage will result to the defendants unless their defense is heard by this court.

"2. That shortly after service of summons upon these defendants they consulted the undersigned attorney * * * who undertook to represent them in the defense of this matter.

"3. That on May 1, 1960 the undersigned attorney's secretary failed to report for work and though said attorney exerted diligent effort by means of newspaper advertisements and seeking aid from several employment agencies was unable to find and hire a competent secretary until June 9, 1960.

"4. Defendants further state that during this period the undersigned attorney was forced to seek temporary help and that said temporary help furnished was incompetent

and unable to meet with the exacting duties of a busy law office which made it necessary for the undersigned attorney to send files and work out of the office to various typists to be completed.

"5. That the answer to the petition filed in the above-entitled cause and the file, though timely dictated was among the work which was sent out of the office for completion and was not returned sufficiently soon to be timely filed.

"6. That due to the pressure and harassment of a busy law practice the undersigned attorney was unable to follow the progress of each of the files sent out of the office, was unaware that the answer to the plaintiff's petition in the above-entitled cause had not been filed and in fact verily believed said answer had been filed.

"7. That the failure to file a timely answer to the petition in the above-entitled cause was not due to the culpable negligence of the defendants or the undersigned attorney.

"Wherefore, defendants move the court to enter an order setting aside the default judgment rendered in the above-entitled cause, prays leave of court to accept defendants' answer to plaintiff's petition, and to set said matter on its trial docket to be tried on its merits and for such other order as the court may deem meet and proper."

Defendants' motion was argued in September and on October 11, 1960, the court entered the following order: "Defendants' motion to set aside default judgment heretofore argued and submitted denied because court has no authority to set judgment aside, and had no such authority when motion [was] called for argument by plaintiff's counsel."

Upon this appeal defendants are represented by a different attorney than the one filing the motion in the trial court. Defendants here contend that the motion to set aside was the equivalent of a motion for new trial and hence the trial court erred in ruling that it did not have jurisdiction to set the judgment aside. They say that we should either (1) set the judgment aside, or (2) reverse and remand with directions to the trial court to consider the motion on its merits and exercise its discretion in ruling thereon.

We agree with the result reached in the trial court but are of the opinion that the court was in error as to the reason assigned for overruling the motion. It is obvious that the trial court did not consider the motion as being of the character which would extend the time during which the trial court retained control of the judgment beyond the 30-day period as provided in S.C.Rule 75.01, V.A.M.R. Had the motion not been filed within 15 days after entry of judgment that would undoubtedly have been true.

"In State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S.W. 916, it was held that a motion to set aside a default decree not filed within the time allowed by the statute for motions for new trial has no status as a motion, but is a mere suggestion to the court, and such motion will not carry the case beyond the period during which the court retains jurisdiction to act on its own motion. Under the practice prior to the adoption of the new Code, the period during which the court retained jurisdiction was the judgment term. Under the new practice that period is limited by Section 119 to thirty days after entry of judgment." State ex rel. Iannicola v. Flynn, 239 Mo.App. 721, 196 S.W.2d 438, 441.

■ However, where a motion to set aside is filed within the period provided for filing motions for new trial, the appellate courts of this state (usually without any discussion of this question) have uniformly considered such motions as being timely and as effective as though denominated a motion for new trial. We do not think it is important whether a motion of this type is denominated a motion to set aside or a motion for new trial. The relief sought is an order setting aside the default judgment and another trial upon the merits. In that situation we think it is reasonable and proper to

regard the motion filed by defendants as a motion for new trial, or the equivalent thereof, and we rule that it had the effect of vesting the trial court with jurisdiction to rule the motion upon its merits within the period of 90 days after it was filed. S.C.Rule 78.04, V.A.M.R.

In considering a motion of this kind we recently stated that "The action of a trial court in sustaining or overruling a motion to set aside a default judgment is generally within the trial court's sound judicial discretion. * * * The general rule is that, where the application or motion to set aside discloses a meritorious defense, and reasonable diligence or excuse for default is shown, and no substantial injury to plaintiff will result from delay, a trial court should exercise its discretion in favor of a trial on the merits." Whitledge v. Anderson Air Activities, Mo.Sup., 276 S.W.2d 114, 116.

We are of the opinion that the action of the court in overruling the motion must be sustained for two reasons. The first is that no proof was offered to support any of the allegations in the motion. The motion did not prove itself. It was not verified, no affidavits in support thereof were filed, and no testimony was offered at the hearing of the motion. As a prerequisite to obtaining the relief prayed for it was incumbent upon defendants to prove in some manner that (1) they had good reason or excuse for the default, and (2) that they had a meritorious defense to the action. Parks v. Coyne, 156 Mo.App. 379, 137 S.W. 335. As indicated, defendants made no effort to comply with either of the foregoing requirements.

We are also of the opinion that the motion itself is insufficient in that it failed to allege any *facts* showing that defendants had a meritorious defense to the action. In Wenzel v. Wenzel, Mo.App., 283 S.W.2d 882, 889, it is said that the motion to set aside the deceree "alleged that defendant 'had a good and meritorious defense to the action,' but this was a mere conclusion. The facts constituting the proposed defense must

be set forth in detail so that the court may judge whether it is meritorious and sufficient." To like effect, see also Edwards v. Rovin, Mo.App., 322 S.W.2d 139, Stieferman v. Stieferman, Mo.App., 219 S.W.2d 864, Mayo v. Lasater, Mo.App., 312 S.W.2d 601, and 49 C.J.S. Judgments § 336(b) pp. 645, 646.

For the reasons we have heretofore stated the motion to set aside the default judgment was, as a matter of law, properly overruled.

Affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.