**Sherry WILDERMAN, Plaintiff–Appellant,**

v.

**Melody DRAWBOND, Defendant–Respondent.**

No. 28801.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 23, 2008.

Motion for Rehearing or Transfer Denied
Oct. 14, 2008.

Application for Transfer Denied
Nov. 25, 2008.

Donald M. Brown, Craig R. Heidemann, Bolivar, MO, for Appellant.

Michael E. McCausland, Daphne R. Halderman, Kansas City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Sherry Wilderman ("Plaintiff") brought suit against Melody Drawbond ("Defendant") for injuries sustained in an automobile accident in 2003. The case proceeded through discovery and was set for trial in the Circuit Court of Polk County on July 19, 2007. Prior to that date, on July 10, 2007, the case was voluntarily dismissed without prejudice and re-filed in the associate division of the circuit court. The return date was scheduled for August 14, 2007; however, due to lack of service on Defendant, it was rescheduled for September 11, 2007.[1] Counsel for Plaintiff corresponded with counsel for Defendant in the previous case. Plaintiff filed a notice to take deposition and certificates of service for interrogatories, requests for admission and a request for production of documents on August 24, 2007. Additionally, on August 29, 2007, Plaintiff filed a motion pursuant to section 517.041.3[2] to certify the case to the presiding judge for assignment because the aggregate damages claimed exceeded the jurisdictional limit of the division, i.e. Plaintiff requested a judgment greater than $25,000. Plaintiff filed a notice that her motion would be heard on September 11, 2007 (the return date from the initial filing).

Counsel for Plaintiff appeared on September 11, 2007; counsel for Defendant did not. A default judgment for $25,000 was entered against Defendant. Nine days later, Defendant filed a Motion to Set Aside Default Judgment claiming that she contacted Plaintiff's counsel prior to the hearing date and informed counsel for Plaintiff that she had no "objections to the case being heard in circuit court" and would not be present to argue the motion. Plaintiff's response included a verbatim transcript of the phone call, confirming Defendant's rendition of the phone call. At the subsequent hearing on October 30, 2007, counsel for Plaintiff claimed he did not receive the message until "after [September] 11th" because he was out of town. The court sustained the Motion to Set Aside Default Judgment; this appeal by Plaintiff follows.

Plaintiff claims the court abused its discretion in setting aside the default judgment because the motion was unverified, was without a supporting affidavit and Defendant offered no testimony or evidence at the hearing to substantiate her claims of a meritorious defense and good cause pursuant to Rule 74.05(d). Although Plaintiff contends in her point relied on that there were no witnesses, no affidavits and no testimony before the court on both "good cause" and "a meritorious defense," at the hearing, Plaintiff's complaint to the trial judge was directed to whether there was "good cause" to set aside the default judgment. Plaintiff argued vehemently that Defendant's reason for failure to appear on the return date was inadequate as a matter of law and a reckless disregard for the process. Plaintiff made no argument to the trial court that Defendant did not have an arguable meritorious defense, but focused on the "good cause" and the failure of Defendant to appear on the return date.[3] We, too, shall address the issue

---

**1.** The judge in the associate division case was not the same judge as in the previous case.

**2.** All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2007), unless otherwise specified.

**3.** We note that Defendant did allege facts constituting a meritorious defense in her motion. Plaintiff, however, compares this case to *Snelling v. Reliance Auto., Inc.*, 144 S.W.3d 915 (Mo.App. E.D.2004), in which the defen-

whether the court abused its discretion in finding "good cause" to set aside the default judgment.

■■■ In reviewing the trial court's decision on a motion to set aside a default judgment, the standard of review is abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007). Furthermore, the law disfavors default judgments and has a strong preference for deciding cases on the merits. *Id.* Therefore, the discretion not to set aside a default judgment is much narrower than the discretion to set one aside. *CBD Enterprises, Inc. v. Braco Manufacturing, Inc.*, 181 S.W.3d 129, 131 (Mo.App. S.D.2005). Consequently, "appellate courts are more likely to reverse a judgment which fails to set aside a default judgment than one which grants that relief." *Id.* at 132.

In her argument, Plaintiff relies upon Rule 74.05(d), which states in part:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside.
>
> . . . .
>
> Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

■■■ Recklessness involves a deliberate choice to risk the possibility of a default judgment. *Winsor v. Terex–Telelect–Inc.*, 43 S.W.3d 460, 465 (Mo.App. W.D. 2001). In contrast, " '[a] person is negligent, if his inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency.' " *Billingsley v. Ford Motor Co.*, 939 S.W.2d 493, 498 (Mo.App. S.D. 1997) (*quoting In re Marriage of Williams*, 847 S.W.2d 896, 900 (Mo.App. S.D.1993)). Thus, a mistake made negligently but in good faith may constitute good cause such that a default judgment may be vacated. *Winsor*, 43 S.W.3d at 464.

■■ Plaintiff relies upon the fact that Defendant's Motion to Set Aside Default Judgment contained no affidavits, nor was any "evidence" adduced at the hearing. What Plaintiff ignores are the admissions that are contained in the response to the Motion to Set Aside Default Judgment. Plaintiff provided the court with a verbatim transcript of the phone call from Defendant's counsel. Furthermore, at the hearing, both counsel agreed to the sequence of events concerning events on September 11, 2007. Plaintiff filed the motion pursuant to section 517.041.3 to certify the case to the presiding judge for assignment. Section 517.041.3 provides that a petition which states a claim that exceeds the $25,000 jurisdictional limit of the division *shall* be certified to the presiding judge for assignment. What that means to the practitioner is that there is

---

dant's motion to set aside default judgment "set[ ] forth only conclusory statements of defenses without any facts to support the allegations." *Id.* at 918. This case is distinguishable from *Snelling* because rather than failing to recite specific facts that would constitute a meritorious defense, Defendant's motion stated, "Plaintiff's damages do not amount to $25,000.00. Plaintiff has soft tissue injuries and the alleged injuries are not permanent in nature. Plaintiff was a passenger in the vehicle and had a pre-existing condition at the time of the accident." Also before the court from the default hearing was the deposition testimony of Plaintiff, in which Plaintiff admitted to a pre-existing neck injury, which was relevant to Defendant proving that the damages did not amount to $25,000.

no defense to the motion requesting certification to the presiding judge. It would have been a meaningless gesture to object to the motion.[4]

Because of the procedural history of this case, we do not find recklessness and a disregard for the judicial process for Defendant to assume the case would be certified to the presiding judge pursuant to section 517.041.3.[5] Mindful that the appellate court will afford the trial court broad discretion in granting a motion to set aside a default judgment as opposed to narrow discretion in denying a motion to set aside the default judgment, we find the trial court did not abuse its broad discretion in setting aside the default judgment. The judgment is affirmed.

PARRISH, J., and BURRELL, P.J., concur.

---

4.  We found no cases where the associate circuit judge had any authority other than to grant the motion once the motion to certify the case to the presiding judge was entered, but leave that discussion to another day.

5.  Although it is clear from the record that counsel for each party felt the other was not behaving in a civil fashion, this case serves as an admonishment to both sides that the lack of cordiality is an expensive proposition. Even though we have decided in this case that the court did not abuse its discretion in setting aside the judgment, that is not to say that had the court refused to set aside the default judgment because of a pattern of disregard for its local rules, we would have the same result.