**SATURN OF TIFFANY SPRINGS, et al., Appellant,**

v.

**Shaun McDARIS, Respondent.**

No. WD 72509.

Missouri Court of Appeals, Western District.

Feb. 22, 2011.

---

706

Joseph T. Welsh, Kansas City, MO, for appellant.

Brian J. Klopfenstein, Kearney, MO, for respondent.

Before Division Three: CYNTHIA L. MARTIN, Presiding Judge, JAMES E. WELSH, Judge and GARY D. WITT, Judge.

CYNTHIA L. MARTIN, Judge.

Saturn of Tiffany Springs ("Saturn") appeals from the trial court's judgment setting aside a default judgment entered in its favor and against Shaun McDaris ("McDaris"). The default judgment vacated an arbitration award previously entered in McDaris's favor. Saturn contends that the trial court erred in setting aside the default judgment because McDaris failed to satisfy the requirements of Rule 74.05(d), in that McDaris did not demonstrate "good cause" for failing to timely answer Saturn's petition, and in that McDaris did not establish a meritorious defense to Saturn's petition. We affirm.

## Factual and Procedural History

McDaris was employed by Saturn as a mechanic. On August 2, 2005, McDaris filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") alleging same sex sexual harassment. The Saturn employment handbook purported to require arbitration of such disputes.

The EEOC issued McDaris a notice of right to sue on February 15, 2006. Several weeks later, McDaris proposed a list of potential arbitrators. Several months later, McDaris proposed a schedule for the arbitration proceeding. No agreement

about a schedule was reached. A few months later, McDaris proposed a change of arbitrator. No further action was taken to advance the arbitration proceedings until February 6, 2009, when McDaris notified Saturn that arbitration had been scheduled before the Honorable Ward Stuckey on February 16–18, 2009.

Saturn submitted a motion to dismiss the arbitration, claiming the arbitration was not timely filed or pursued by McDaris. Judge Stuckey overruled this motion on May 1, 2009. The arbitration proceeded. Judge Stuckey entered an arbitration award in favor of McDaris on the merits of his sexual harassment claim.

On February 9, 2010, Saturn filed a petition to vacate the arbitration award in the Circuit Court of Clay County, Missouri. Saturn claimed the arbitration award should be vacated because the arbitrator exceeded the power afforded him by the parties' arbitration agreement, which prohibited the arbitrator from making "decisions contrary to or inconsistent with applicable federal or state law." Saturn contended that McDaris did not follow the procedures set forth in the Saturn employment handbook in pursuing his claims. Saturn thus contended that Judge Stuckey's May 1, 2009 decision to overrule Saturn's motion to dismiss the arbitration proceedings was inconsistent with applicable federal and state law and that, as a result, the arbitration award exceeded Judge Stuckey's powers.[1]

Saturn's petition to vacate the arbitration award was served on McDaris on February 10, 2010. A return of service was filed by Saturn on February 25, 2010. On

---

1. The facts recited to this point are drawn from Saturn's petition to vacate arbitration award. We do not intend by our recitation of these facts to suggest that they are the law of the case. They are not. The procedural posture of this case is such that the merits of Saturn's petition have not yet been determined.

March 19, 2010, Saturn filed a motion for default judgment alleging McDaris had not timely filed an answer to the petition as required by Rule 55.25. A copy of the motion for default judgment was not served on McDaris, nor was a courtesy copy provided to his counsel. On March 24, 2010, the trial court granted Saturn's motion for default judgment and entered a judgment vacating the arbitration award.

Unaware of the default judgment, McDaris filed an answer to Saturn's petition on March 30, 2010.[2] McDaris then learned of the default judgment. On April 5, 2010, McDaris filed a motion to set aside default judgment. The motion advised the trial court of two other actions between the same parties involving enforcement of the arbitration award, both of which were pending when Saturn filed its lawsuit. A breach of contract action had been filed by McDaris in the Circuit Court of Platte County, Missouri. An enforcement action was also filed by McDaris in the Circuit Court of Jackson County, Missouri, as the arbitration had been conducted in Jackson County. McDaris advised that after Saturn filed suit in Clay County, Missouri, the parties had been in frequent contact discussing an agreement to consolidate the pending lawsuits in Clay County. McDaris complained that notwithstanding the pending litigation between the parties, the discussions about consolidation, and Saturn's knowledge that McDaris was represented by counsel, Saturn chose not to provide McDaris notice of the motion for default judgment.[3]

Saturn filed suggestions in opposition to McDaris's motion to set aside default judgment. The trial court's docket sheet reflects that a hearing was conducted on McDaris's motion to set aside the default judgment on April 21, 2009.[4] The docket sheet reflects that, following the hearing, the matter was taken under advisement.

On May 12, 2010, the trial court entered judgment setting aside the judgment of default. The judgment notes that "Defendant McDaris reports that there are cases in three (3) different counties, Clay, Platte and Jackson." The judgment further notes that "Defendant McDaris filed an Answer, after the default judgment was entered. Clearly, the parties are contesting the legitimacy of the Arbitration award entered by retired Judge Ward Stuckey." The judgment concludes that "[a]fter review of the case, the Court sustains Defendant's Motion to Set Aside the Judgment of Default for good cause shown."

Saturn appeals.

### Standard of Review

█ "A motion [to set aside a default judgment] filed under Rule 74.05(d) ... is

2. The answer was not included in the record on appeal submitted by Saturn. Saturn acknowledges in its Brief that McDaris filed an answer but advises that the answer was "inexplicably" not included in the legal file Saturn secured from the clerk of the trial court. Saturn has offered no explanation for its subsequent failure to request a copy of the answer from the clerk of the trial court for inclusion in the record on appeal.

3. Saturn was not required to serve a copy of the motion for default judgment or of the notice of the hearing on said motion on McDaris given his failure to timely answer Saturn's petition. *See Agnello v. Walker*, 306

S.W.3d 666, 671 n. 3 (Mo.App. W.D.2010). This is a practice, however, about which this court has been critical. *Id.* at 671 n. 4. Though the lack of notice is not itself a basis to set aside the default judgment, the lack of notice under the circumstances of this case was certainly relevant information the trial court would have been entitled to consider in determining whether to set aside the default judgment.

4. The transcript from the hearing conducted on McDaris's motion to set aside default judgment has not been included in the record on appeal.

an independent action...." Rule 74.05(d). Thus, a judgment granting or denying a motion to set aside a default judgment is a final judgment eligible for immediate appellate review. *See Kuhlman v. Arnold,* 154 S.W.3d 430, 431 (Mo.App. W.D.2005). "We apply an abuse of discretion standard to the circuit court's setting aside of a default judgment under Rule 74.05(d)." *Barsto Constr., Inc. v. Gladstone Senior Partners, L.P.,* 270 S.W.3d 440, 442 (Mo. App. W.D.2008) (citing *Brungard v. Risky's Inc.,* 240 S.W.3d 685, 687–88 (Mo. banc 2007)). "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Peters v. Gen. Motors Corp.,* 200 S.W.3d 1, 23 (Mo.App. W.D.2006).

■ "Missouri appellate courts have traditionally afforded significant deference to the circuit court's decision to set aside a default judgment because of the public policy favoring the resolution of cases on the merits and the 'distaste our system holds for default judgments.'" *Brungard,* 240 S.W.3d at 686 (quoting *Cont'l Basketball Ass'n v. Harrisburg Prof'l Sports Inc.,* 947 S.W.2d 471, 473 (Mo.App. E.D.1997)); *Agnello,* 306 S.W.3d at 673. "[W]hile the trial court's discretion to deny a motion to set aside a default judgment is 'narrowed,' its discretion to grant such a motion is 'broad.'" *Barsto,* 270 S.W.3d at 442. "Consequently, 'appellate courts are more likely to reverse a judgment which fails to set aside a default judgment than one which grants that relief.'" *Wilderman v. Drawbond,* 267 S.W.3d 772, 775 (Mo.App. S.D.2008) (quoting *CBD Enters., Inc. v. Braco Mfg., Inc.,* 181 S.W.3d 129, 131 (Mo. App. S.D.2005)). Evidence supporting the motion to set aside the default, whether it

consists of exhibits and affidavits or live testimony, is afforded the same deference. *Barsto,* 270 S.W.3d at 442.

## Analysis

■ For its sole point on appeal, Saturn contends that the trial court erred in setting aside the default judgment because McDaris failed to satisfy the requirements of Rule 74.05(d). Saturn claims that McDaris failed to establish "good cause" for not filing a timely answer to Saturn's petition and failed to establish the existence of a meritorious defense to Saturn's petition seeking to vacate the underlying arbitration award. We disagree.

■ Rule 74.05(d) provides that "[u]pon motion stating facts constituting meritorious defense *and* for good cause shown ... a default judgment may be set aside." (Emphasis added.) "The movant in a motion to set aside [a] default judgment bears the evidentiary burden of proving entitlement to the relief requested. Failure to establish either the 'meritorious defense' element or the 'good cause' element of a motion pursuant to Rule 74.05(d) is fatal to the motion." *Agnello,* 306 S.W.3d at 673 (citations omitted).

### Good Cause

■ "Good cause" is defined by Rule 74.05(d) to include "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." "Reckless" has been defined as meaning "lacking in caution" or "deliberately courting danger." *Barsto,* 270 S.W.3d at 442. A person acts recklessly if the person is intentionally indifferent to the harmful consequences of his actions. *Id.* at 443. If there is a reasonable doubt as to whether conduct was intentionally designed or irresponsibly calculated to impede the work of the courts, it should be resolved in favor of good faith. *Id.* at 442. In a close case,

deference must be afforded to the trial court's determination about whether conduct is excusable or reckless. *Bell v. Bell,* 849 S.W.2d 194, 198 (Mo.App. W.D.1993).

In his motion to set aside default judgment, McDaris advised that two other lawsuits involving the arbitration and its enforcement had been filed by McDaris and were pending in two other counties before Saturn filed its lawsuit in Clay County. McDaris provided the case numbers for these lawsuits. McDaris acknowledged that he had been served with Saturn's Clay County petition. However, McDaris advised that since the filing of Saturn's petition, the parties had been in discussions about how to consolidate their disputes, suggesting this as the explanation for the failure to timely answer. McDaris expressed surprise, given the circumstances, with Saturn's decision to secure a default judgment without notifying McDaris, characterizing the maneuver as "an attempt to obtain a favorable result in the dead of night."

■ Though McDaris would have been well advised to formally secure an extension of time to answer Saturn's petition, or to otherwise document an agreement with Saturn to permit additional time to answer, we do not believe on this record that his failure to do so was reckless or an intentional effort to impede the judicial process. A default judgment may be vacated even if the movant negligently fails to file a timely answer. *Barsto,* 270 S.W.3d at 442.

The trial court did not abuse its discretion by concluding that McDaris established "good cause" for his failure to timely file an answer to Saturn's petition.[5]

### Meritorious Defense

■ Rule 74.05(d) also requires a movant to show that he has a meritorious defense to the claim asserted and on which a default judgment has been entered. *Bell,* 849 S.W.2d at 198. The moving party must set forth sufficient facts to establish an arguable theory of defense. *Id.* "Defense" is not to be overly restrictive "but means any factor which is likely to have a material effect on the substantive result of the case." *Id.* The defense need not be conclusively proven. *Id.* It is sufficient if allegations are asserted that " 'if supported by evidence found credible by the fact-finder, would defeat the plaintiff's claim.' " *Snelling v. Reliance Auto., Inc.,* 144 S.W.3d 915, 918 (Mo.App. E.D.2004) (quoting *Winsor v. Terex–Telelect–Inc.,* 43 S.W.3d 460, 466 (Mo.App. W.D.2001)).

■ Saturn's petition sought to vacate the arbitration award entered in McDaris's favor. It did so *not* based on the merits of the underlying allegations of same sex sexual harassment but, rather, based on an allegation that Judge Stuckey exceeded the power afforded an arbitrator by the parties' arbitration agreement. Specifically, Saturn's petition alleged that McDaris did not pursue the arbitration in the manner required by the arbitration agreement and that, as a result, Judge Stuckey erroneously overruled Saturn's motion to dismiss the arbitration on this procedural ground. Saturn's petition asserts that

---

5. Though not articulated in Rule 74.05(d), we do not believe it inappropriate for a trial court to take into consideration in ruling on a motion to set aside a default judgment evidence that the party that secured the default judgment did so without having been candid with the court. In this case, though Saturn was not technically required to afford McDaris advance notice of its intent to seek a default judgment, that it failed to do so, coupled with its failure to advise the trial court that other litigation involving the same disputes (in which McDaris had retained counsel who was actively participating) was pending in two other counties, rings of conduct not befitting officers of the court.

Judge Stuckey's decision was "contrary to and inconsistent with the applicable federal and state law."

Saturn's "assertion" that Judge Stuckey acted contrary to applicable law, and thus in excess of the powers afforded him by the arbitration agreement, is an assertion of law and not a "short and plain statement of the facts" supporting Saturn's claimed right to seek vacation of the arbitration award as required by Rule 55.05. *See Ingle v. Case,* 777 S.W.2d 301, 303–04 (Mo.App. S.D.1989). Saturn does not articulate in what manner McDaris failed to comply with the procedures in the arbitration agreement, what federal or state law was violated as a result, and thus in what manner Judge Stuckey exceeded his power by denying Saturn's motion to dismiss the arbitration. Though the sufficiency of Saturn's petition given Missouri's "ultimate fact" pleading requirements is not directly at issue in this case, it is nonetheless relevant. For McDaris to establish a meritorious defense to Saturn's legal assertion, McDaris need only have established that there is a legal dispute between the parties about the enforceability of the arbitration award.

The trial court's judgment found that "[c]learly, the parties are contesting the legitimacy of the Arbitration award entered by retired Judge Ward Stuckey." The judgment noted the pendency of two other cases involving enforcement of the arbitration award filed by McDaris in Jackson County and Platte County, factual information provided to the trial court in McDaris's motion to set aside the default judgment. Though the trial court did not use the words "meritorious defense," it is self-evident that the trial court found that the disputes between McDaris and Saturn regarding the enforceability of the arbitration award constituted a meritorious defense.

Support for the trial court's finding is also found in Saturn's petition. Saturn's petition advised the court that it had previously (and unsuccessfully) sought dismissal of the arbitration by the arbitrator on the same grounds reasserted in the petition. The petition thus necessarily acknowledged that McDaris's purported failure to follow required procedures in pursuing arbitration is a contested issue and, in fact, a contested issue McDaris had already successfully defended.

 There may have been other evidence available to the trial court that would support the trial court's finding that McDaris established a meritorious defense to Saturn's petition. The trial court had the benefit of reviewing McDaris's untimely filed answer. We acknowledge that the filing of an answer after entry of a default judgment does not constitute a denial of the allegations in a petition. *Courtin v. McGraw Constr. Co.,* 639 S.W.2d 286, 288 (Mo.App. E.D.1982). That does not mean, however, that an untimely answer cannot be considered by a trial court in evaluating the merits of a motion to set aside a default judgment. *See, e.g., Hoskin v. Younger Cemetery Corp.,* 838 S.W.2d 476, 480 (Mo.App. E.D.1990), *overruled on other grounds* by *Cotleur v. Danziger,* 870 S.W.2d 234 (Mo. banc 1994) (finding that a motion to set aside default judgment and a previously filed answer were sufficient to meet the pleading requirements of Rule 74.05). The allegations in the untimely answer were clearly relied on by the trial court in this case, as the fact that an answer had been filed was expressly mentioned in the judgment. Saturn did not include McDaris's answer in the record on appeal.[6]

**6.** *See* footnote 2.

▆▆▆ The trial court also had the benefit of the arguments and/or evidence presented by the parties during the April 21, 2010 hearing on McDaris's motion to set aside the default judgment. Saturn did not include the transcript from the April 21, 2010 hearing in the record on appeal. Rule 81.12(c) obligated Saturn to order the transcript of the proceedings and to compile the record on appeal, which should also have included McDaris's late filed answer given the nature of this appeal. Of course, McDaris could have supplemented the record on appeal filed by Saturn with the missing answer and transcript. Rule 81.12(c).[7] He was not, however, obligated to do so. Rule 81.12(a) requires the record on appeal to "contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Saturn did not comply with this requirement with respect to the question it has presented for our decision.

▆▆▆ "Where no transcript is filed or exhibits are not made a part of the record on appeal, such evidentiary omissions will be taken as favorable to the trial court's ruling and unfavorable to the appellant." *Home of Hope, Inc. v. McDonald (In re Carl McDonald Revocable Trust dated Oct. 1, 1979)*, 942 S.W.2d 926, 932 (Mo.App. S.D.1997); *see also Coffman v. Coffman*, 300 S.W.3d 267, 271 n. 3 (Mo.App. W.D.

2009). We presume, therefore, that McDaris's late filed answer and the transcript of the April 21, 2010 hearing, which were omitted by Saturn from the record on appeal, both set forth a viable defense to Saturn's petition.

In light of the foregoing, we cannot conclude that the trial court abused its discretion in finding that McDaris established a meritorious defense sufficient to warrant setting aside the default judgment.

### Requirement that Motion be Supported by an Affidavit or Sworn Testimony

▆▆▆ Saturn contends that even if McDaris's motion to set aside default judgment technically alleged sufficient facts to support a finding of "good cause" and a "meritorious defense," we would nonetheless be obligated to find that the trial court abused its discretion in setting aside the default judgment because the motion to set aside the default judgment was not verified or supported by sworn testimony or affidavits. We disagree.

Rule 74.05(d) provides that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, ... a default judgment may be set aside." Rule 74.05(d) does not expressly require a motion to set aside a default judgment to be verified. Nor does the Rule expressly require a motion to be supported by affidavits or sworn testimony. Yet, our courts have routinely held that "a motion to set

---

7. Rule 81.12(c) permits a respondent to "file *within the time allowed for filing respondent's brief* such additional parts of the record on appeal as respondent considers necessary." (Emphasis added.) McDaris did not submit a supplemental record on appeal within the time allowed for filing his brief. Just days before this matter was scheduled for oral argument, McDaris filed a Motion to Supplement the Record on Appeal under Rule 81.12(f) to provide a copy of the untimely filed answer and its attachments. Rule 81.12(f) provides that "[i]f anything material

is omitted from the record on appeal, the parties, *by stipulation* or the appellate court, on a *proper* suggestion or of its own initiative, shall direct that the omission or misstatement be corrected." (Emphasis added.) McDaris's motion is denied. It is not supported by the parties' stipulation and was not sought by this Court's own initiative. We conclude the motion is not based on a "proper suggestion" under the circumstances of this case. Obviously, given the outcome of this case, McDaris is not prejudiced by our ruling on his late filed motion.

aside a default judgment is not a self-proving motion. The motion must itself be verified or otherwise be supported by sworn testimony or affidavit testimony." *Agnello,* 306 S.W.3d at 673; (citing *Gorzel v. Orlamander,* 352 S.W.2d 675, 678 (Mo. 1961); *First Cmty. Bank v. Hubbell Power Sys., Inc.,* 298 S.W.3d 534, 540 (Mo.App. S.D.2009); *Jew v. Home Depot USA, Inc.,* 126 S.W.3d 394, 396 (Mo.App. E.D.2004)).

The genesis of this principle is our Supreme Court's decision in *Gorzel,* where it was held that:

> [N]o proof was offered to support any of the allegations in the motion. The motion did not prove itself. It was not verified, no affidavits in support thereof were filed, and no testimony was offered at the hearing of the motion. As a prerequisite to obtaining the relief prayed for it was incumbent upon defendants to prove in some manner that (1) they had good reason or excuse for the default, and (2) that they had a meritorious defense to the action.

352 S.W.2d at 678. *Gorzel,* however, was decided in 1961, and thus predates the adoption of Rule 74.05 by the Missouri Supreme Court in 1988. One might assume that had the Supreme Court intended to require a motion to set aside a default judgment to be verified or otherwise supported by affidavits or sworn testimony, then Rule 74.05 would have so provided. This assumption is belied, however, by Supreme Court opinions subsequent to the adoption of Rule 74.05, which have reinforced the principle announced in *Gorzel.* In *In re Marriage of Callahan,* our Supreme Court instructed:

> A party is entitled to an evidentiary hearing on a motion to set aside a default judgment if the motion satisfies the pleading requirements of Rule 74.05. The pleading requirements of Rule 74.05(d) provide that a default judgment may be set aside "[u]pon motion showing facts constituting a meritorious defense and good cause shown...." .... *A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony.*

277 S.W.3d 643, 644 (Mo. banc 2009) (emphasis added) (citations omitted); *see also Brungard,* 240 S.W.3d at 687 ("Broad discretion is afforded to trial court decisions [setting] aside a default judgment.... Such deference has been afforded whether the evidence supporting the motion to set aside was presented through exhibits and affidavits or through live testimony."). Thus, notwithstanding Rule 74.05(d)'s facial silence on the subject, our Supreme Court has instructed that it requires motions to set aside default judgments to be supported by verification, by affidavits, or by sworn testimony, establishing facts (not conclusory statements) sufficient to permit a trial court to find good cause and a meritorious defense.[8]

Here, McDaris did not verify his motion to set aside default judgment. He also failed to attach any affidavits to the mo-

---

8. We question whether requiring a motion to set aside a default judgment to be verified, or supported by affidavits or sworn testimony, serves any practical purpose in a case like this one where the principal claim in the defaulted petition is a question of law, not fact, and uncontested (albeit unverified) information is before the trial court evidencing that the legal question is clearly the subject of an ongoing dispute or contest. Given our determination in this case, however, we need not decide whether *In re Marriage of Callahan* affords leeway for such an exception. In any event, we agree with the suggestion offered by our Eastern District in *Court of 5 Gardens Condominium Ass'n v. 10330 Old Olive, LLC,* 326 S.W.3d 834, 837 n. 4 (Mo.App. E.D.2010) that "[a]mending Rule 74.05(d) to provide that a motion to set aside an order or judgment of default should be verified, could possibly rectify any confusion in the future."

tion. We are unable to discern from this record, however, whether McDaris submitted sworn testimony to support his motion during the April 21, 2010 hearing, as no transcript of the hearing is included in the record on appeal. At oral argument, counsel for Saturn conceded that there is information that was available to the trial court in making its decision on McDaris's motion that has not been made available to this Court. We view Saturn's failure to include a transcript in the record on appeal as "favorable to the trial court's ruling and unfavorable to [Saturn]." *Home of Hope, Inc.*, 942 S.W.2d at 932. We cannot conclude that the trial court abused its discretion by granting McDaris's motion to set aside default judgment in the absence of verification, affidavits, or sworn testimony when Saturn has failed to provide us with all portions of the record necessary to permit us to reach this conclusion. *Id.* ("This court will not convict the trial court of error when we do not know what evidence was before it.").

### Conclusion

We affirm the trial court's judgment.

All concur.