In the
 Missouri Court of Appeals
 Western District
TIMOTHY G. VOGEL, )
 )
 Respondent, ) WD83861
 )
v. ) OPINION FILED: March 23, 2021
 )
GREGORY SCHOENBERG, )
 )
 Appellant. )

 Appeal from the Circuit Court of Morgan County, Missouri
 The Honorable Matthew P. Hamner, Judge

 Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Thomas H. Newton,
 Judge and Mark D. Pfeiffer, Judge

 Gregory Schoenberg ("Schoenberg") appeals from the trial court's entry of

judgment denying his Rule 74.05(d) motion to set aside a default judgment. Schoenberg

argues that the trial court abused its discretion in denying his motion to set aside the

default judgment because the motion set forth a good cause for failing to answer the

petition. Schoenberg further argues that, because the trial court concluded that

Timothy G. Vogel ("Vogel") failed to present sufficient evidence supporting a count that

related to a violation of the Missouri Securities Act of 2003 against Schoenberg's co-
defendant, the trial court erred in entering the default judgment against Schoenberg on the

same count. Finding no error, we affirm.

 Factual and Procedural Background

 On April 23, 2019, Vogel filed a petition ("Petition") against Cars-N-Kids, L.L.C.

("Cars-N-Kids"), Robert S. Steffen ("Steffen"), Birch, L.L.C. ("Birch"), Poplar, L.L.C.

("Poplar"), Schoenberg, and Robert B. Glarner, Jr. ("Glarner") (collectively "the

Defendants") in the Circuit Court of Morgan County. The Petition set forth five causes

of action arising out of Steffen's attempted sale of a one-half percent interest in Cars-N-

Kids to Vogel for $50,000 that allegedly took place on July 28, 2012: (1) breach of

contract against Steffen; (2) fraudulent misrepresentation against Steffen and Cars-N-

Kids; (3) violation of the Missouri Securities Act of 20031 ("Missouri Securities Act")

against the Defendants; (4) in the alternative to Counts I, II, and III of the Petition, a

request for a declaratory judgment against all Defendants pronouncing Vogel a member

of Cars-N-Kids; and (5) in the alternative to Counts I and II of the Petition, a request for

the trial court to order an accounting of Cars-N-Kids against the Defendants.

 Schoenberg was personally served with a summons and the Petition on May 8,

2019, at 10890 Sunset Hills Plaza in St. Louis, Missouri. The summons warned that if

Schoenberg did not respond to the petition within thirty days of service, "judgment by

default may be taken against you for the relief demanded in the petition." Cars-N-Kids,

Steffen, Birch, Poplar, and Glarner were also served in May 2019. Cars-N-Kids, Poplar,

 1
 Sections 409.1-101 to 409.7.703. All statutory references are to RSMo 2000 as amended through July 28,
2012.

 2
Birch, and Glarner were represented by counsel and filed a joint answer, and Steffen filed

a separate answer pro se. Schoenberg never filed an answer or any other responsive

pleading.

 Vogel's action against the Defendants continued throughout 2019. On

December 4, 2019, Vogel filed a motion to dismiss his claims against Cars-N-Kids,

Poplar, Birch, and Glarner with prejudice. Vogel's motion to dismiss expressly indicated

that his claims against Steffen and Schoenberg remained pending.

 A bench trial took place on January 9, 2020. Steffen appeared and represented

himself. The trial court noted that "Schoenberg, though duly served, fail[ed] to appear."

The trial court directed the parties "to submit any additional legal authorities for the court

to consider within 20 days," after which the trial court would take the case under

advisement.

 The trial court entered its judgment on April 29, 2020 ("Judgment"). The

Judgment found in favor of Vogel and against Steffen on Counts I and II. On Count III,

the Judgment found in favor of Steffen and against Vogel, concluding that there was

insufficient evidence to establish a violation of the Missouri Securities Act by Steffen.

With respect to Schoenberg, the Judgment found that Schoenberg was in default, and

entered a default judgment on Count III in Vogel's favor in the amount of $25,000 plus

interest at a rate of 8% per annum from July 28, 2012, plus attorney's fees in the amount

of $17,923.13. All other claims in the Petition were dismissed.

 3
 Schoenberg filed a motion to set aside the default judgment pursuant to Rule

74.05(d)2 on May 29, 2020 ("Motion to Set Aside"). In the Motion to Set Aside,

Schoenberg acknowledged that he was a 25 percent minority member of Cars-N-Kids

from approximately April 27, 2011, to May 5, 2014, when he sold his 25 percent interest

in the corporation to Poplar, the corporation's majority interest holder. The Motion to Set

Aside asserted that Steffen was the other member of Cars-N-Kids, holding a 25 percent

membership interest in the corporation. According to the Motion to Set Aside, Steffen

sold portions of his minority interest in Cars-N-Kids at various times in 2012, and

Schoenberg consented to those sales pursuant to the Cars-N-Kids operating agreement

but received no consideration for his consent.

 The Motion to Set Aside acknowledged that Schoenberg was served with a

summons and the Petition on May 8, 2019, and spoke with Glarner about the suit.

According to Schoenberg's affidavit, an exhibit attached to the Motion to Set Aside,

Glarner told Schoenberg that he would "handle the claims" made against Schoenberg so

that Schoenberg need not take further action because he was no longer a member of Cars-

N-Kids. The Motion to Set Aside asserted that Schoenberg was unfamiliar with the law

and did not understand the consequences of failing to respond to the Petition, and that he

simply made a good faith mistake in relying on Glarner's representation that he would

take care of Vogel's claims against Schoenberg. The Motion to Set Aside asserted that

Schoenberg had several defenses against Vogel's claims and that, if the trial court granted

the Motion to Set Aside, those defenses would prove meritorious.

 2
 All rule references are to the Missouri Supreme Court Rules (2020) unless otherwise indicated.

 4
 The trial court held a hearing on the Motion to Set Aside on June 11, 2020. On

that same date, the trial court denied the Motion to Set Aside by docket entry. A written

judgment denying the Motion to Set Aside was entered on June 26, 2020 ("Rule 74.05(d)

Judgment"). The Rule 74.05(d) Judgment concluded:

 After considering the pleadings and the arguments of counsel, the Court
 denies Defendant Schoenberg's Motion to Set Aside. Defendant
 Schoenberg has failed to show that good cause exists for his failure to
 answer or otherwise participate in the case until over a year after he was
 served and a contested trial in the matter was heard. In deciding whether
 good cause has been established to set aside a default, a trial court is free to
 "disbelieve statements made by a moving party in its affidavits." Coble v.
 NCI Building Systems, Inc., 378 S.W.3d. 443, 449 (Mo. App. W.D. 2012).

 Defendant Schoenberg has failed to carry his evidentiary burden to
 establish good cause to set aside the default judgment entered against him.
 As the lack of either a meritorious defense or good cause is fatal to a
 request to set aside a default, Defendant Schoenberg's Motion is denied.

Schoenberg appeals.

 Analysis

 Schoenberg presents two points on appeal.

Point One: Good Cause to Set Aside Default Judgment

 Schoenberg's first point on appeal contests the Rule 74.05(d) Judgment denying

his Motion to Set Aside, and argues that the trial court abused its discretion in refusing to

find that he established good cause to set aside the default judgment. Schoenberg argues

that the Motion to Set Aside "clearly set forth a good cause for why he failed to answer or

participate in the action which was not intentionally or recklessly designed to impede the

judicial process." [Appellant's Brief, p. 13]

 5
 Rule 74.05(d) provides that a default judgment may be set aside "[u]pon motion

stating facts constituting a meritorious defense and for good cause shown," so long as the

motion to set aside is filed within a reasonable time, not to exceed one year. Schoenberg,

as the party seeking to set aside the default judgment, bore the burden to prove both the

"meritorious defense" and "good cause" elements. Paes v. Bear Commc'ns, LLC, 568

S.W.3d 52, 58 (Mo. App. W.D. 2019). The failure to prove either element requires

denial of a motion to set aside a default judgment.3 Id.

 We review a trial court's decision to deny a Rule 74.05(d) motion to set aside a

default judgment for abuse of discretion. Irvin v. Palmer, 580 S.W.3d 15, 23 (Mo. App.

E.D. 2019). "The trial court abuses its discretion when its ruling is clearly against the

logic of the circumstances then before the trial court and is so unreasonable and arbitrary

that the ruling shocks the sense of justice and indicates a lack of careful consideration."

Paes, 568 S.W.3d at 58 (quoting Saturn of Tiffany Springs v. McDaris, 331 S.W.3d 704,

709 (Mo. App. W.D. 2011)). We have "traditionally afforded significant deference to the

[trial] court's decision to set aside a default judgment because of the public policy

favoring the resolution of cases on the merits and the distaste our system holds for default

judgments." Id. (quoting Saturn of Tiffany Springs, 331 S.W.3d at 709). Thus, we are

more likely to reverse a judgment denying a motion to set aside a default judgment than

one granting relief. Id.

 3
 Vogel concedes that Schoenberg's Motion to Set Aside was filed within a reasonable time and that the
Motion to Set Aside included allegations sufficient to establish that Schoenberg had a meritorious defense to Count
III in Vogel's Petition.

 6
 Rule 74.05(d) provides that "'[g]ood cause' includes a mistake or conduct that is

not intentionally or recklessly designed to impede the judicial process." We liberally

interpret the phrase "'to include good-faith mistakes, and even negligence, in failing to

timely answer'" in order to "'prevent a manifest injustice or to avoid a threatened one.'"

Hanlon v. Legends Hosp., LLC, 568 S.W.3d 528, 532 (Mo. App. E.D. 2019) (quoting

Jones v. Riley, 560 S.W.3d 540, 544 (Mo. App. E.D. 2018)). Recklessness, which would

not constitute good cause pursuant to Rule 74.05(d), "includes 'mak[ing] a conscious

choice of [a] course of action, either with knowledge of the serious danger to others

involved in it or with knowledge of the facts which would disclose the danger to a

reasonable man.'" Paes, 568 S.W.3d at 59 (quoting Lee v. Lee, 449 S.W.3d 383, 385

(Mo. App. W.D. 2014)). "Intentional indifference, meaning that an individual 'does not

care about the consequences of his or her actions,' can [also] constitute recklessness."

Coble v. NCI Bldg. Sys., Inc., 378 S.W.3d 443, 448 (Mo. App. W.D. 2012) (quoting

Barsto Constr., Inc. v. Gladstone Senior Partners, L.P., 270 S.W.3d 440, 443 (Mo. App.

W.D. 2008)). In other words, "[r]ecklessness involves a deliberate choice to risk the

possibility of a default judgment." Wilderman v. Drawbond, 267 S.W.3d 772, 775 (Mo.

App. S.D. 2008). Negligence, on the other hand, "occurs if a party's 'inadvertence,

incompetence, unskillfulness or failure to take precautions precludes him from

adequately coping with a possible or probable future emergency.'" Piva v. Piva, 610

S.W.3d 395, 401 (Mo. App. E.D. 2020) (quoting Dozier v. Dozier, 222 S.W.3d 308, 313

(Mo. App. W.D. 2007)).

 7
 Here, the trial court concluded that Schoenberg failed to satisfy his burden to

establish that good cause existed for failing to answer or otherwise participate in Vogel's

suit against him for over a year after he was served with the summons and Petition. The

Rule 74.05(d) Judgment indicated that the trial court found all or some of the assertions

in Schoenberg's affidavit submitted in support of the Motion to Set Aside to be not

credible.

 Relevant to the issue of good cause, Schoenberg's affidavit stated that, when Vogel

purchased a membership interest in Cars-N-Kids from Steffen in July 2012, Schoenberg

held 25 percent membership in Cars-N-Kids and, as required by the Cars-N-Kids

operating agreement, signed a resolution consenting to allow the transaction between

Steffen and Vogel to take place. Schoenberg's affidavit provided that he received no

consideration for his consent to the transaction, did not control Steffen in any way

regarding the transaction, and had no knowledge of the details of the transaction.

According to Schoenberg's affidavit, he sold his membership interest in Cars-N-Kids to

Poplar, a company controlled by Glarner, on or about May 5, 2014. The affidavit

acknowledged that Schoenberg was served with a summons and the Petition in the instant

case on May 8, 2019. Schoenberg's affidavit continued:

 22. Shortly after being served with the summons and petition in this case, I
 spoke with Robert B. Glarner who told me he would handle the claims
 made against me by [Vogel].

 23. Robert B. Glarner told me I did not need to do anything further
 regarding this case because I was no longer a member of Cars-N-Kids,
 LLC.

 8
 24. Relying upon Robert B. Glarner's statements to me, I did nothing
 further regarding the summons and petition in this case.

 25. I believed Robert B. Glarner would handle and take care of the claims
 made by Plaintiff against me.

 26. I have never before been a defendant in a civil action.

 27. I am not familiar with the Missouri rules of civil procedure.

 28. I did not know the consequences of me failing to answer the summons
 and petition in this case.

 29. I did not know my failure to answer the summons and petition would
 result in a default judgment against me.

In addition to Schoenberg's affidavit, the Motion to Set Aside attached three other

exhibits for the trial court's consideration: a copy of the Judgment; a copy of the

resolution consenting to the sale of 2 percent of Steffen's membership interest; and a copy

of a deposition in which Vogel acknowledged that he bought a one-half percent interest

in Cars-N-Kids from Steffen.

 Schoenberg argues that his affidavit establishes that he did not act in a manner

intentionally or recklessly designed to impede the judicial process, and that his failure to

answer or otherwise respond to the Petition was "at most negligence." [Appellant's Brief,

p. 21] Schoenberg asserts that any doubt about whether his actions were intentionally or

recklessly designed to impede the judicial process should be resolved in favor of finding

that Schoenberg relied in good faith on Glarner's assurance that he would take care of

claims asserted against Schoenberg in the Petition.

 Schoenberg's argument ignores, however, that the trial court, was free to

disbelieve the assertions in his affidavit offered to establish "good cause" and plainly did

 9
so. Coble, 378 S.W.3d at 449 (holding that trial court is "free to 'disbelieve statements

made by a moving party in its affidavits'") (quoting Beckmann v. Miceli Homes, Inc., 45

S.W.3d 533, 542 (Mo. App. E.D. 2001)).4 That means the trial court was free to

disbelieve Schoenberg's self-serving assertion that he did not understand the

consequences of failing to answer the Petition.

 The trial court did not abuse its discretion in concluding that Schoenberg failed to

establish good cause. The affidavit asserted that: Schoenberg had not been a member of

Cars-N-Kids since May 2014; Schoenberg contacted Glarner after being served with the

summons and the Petition in May 2019; Glarner told Schoenberg that he would take care

of the suit; Schoenberg believed Glarner; Schoenberg, due to his inexperience with the

judicial system and unfamiliarity with the Missouri Rules of Civil Procedure, did not

understand the implications of failing to answer or otherwise respond to the Petition; and

Schoenberg received the summons which warned Schoenberg:

 You are summoned to appear before this court and to file your pleading to
 the petition, a copy of which is attached, and to serve a copy of your
 pleading upon the attorney for plaintiff/petitioner at the above address all
 within 30 days after receiving the summons, exclusive of the day of service.
 If you fail to file your pleading, judgment by default may be taken against
 you for the relief demanded in the petition.

 4
 Schoenberg asserts that, unlike Coble v. NCI Building Systems, Inc., 378 S.W.3d 443 (Mo. App. W.D.
2012), the trial court had no reasons to be skeptical of his showing of good cause. In Coble, we held that the trial
court is free to disbelieve statements a party makes in an affidavit supporting a motion to set aside a default
judgment. Id. at 449. There, in-house legal counsel for the defendant filed an affidavit that give the trial court
"specific reasons . . . to have been skeptical of [the defendant's] showing of good cause," particularly the vagueness
of the affidavit as to the investigation the defendant undertook to locate the summons and petition. Id. Schoenberg
claims that the instant case differs in that he "fully admits he received the summons and [the] Petition," and "[t]here
is no ambiguity regarding what happened to the documents." [Appellant's Brief, p. 23] But what this argument
overlooks is that Coble did not hold that a vague affidavit was the only reason a trial court could find an affidavit
unpersuasive. As explained supra, Schoenberg's decision to consult with Glarner upon receipt of the Petition
indicates that he did, in fact, appreciate the risks of not responding to the Petition so that it was not an abuse of
discretion for the trial court to disbelieve that the statements in Schoenberg's affidavit as to his ignorance of the risks
associated with the failure to respond to the Petition.

 10
The trial court acted within its discretion by concluding that it was not merely negligent,

and was instead reckless or indifferent, for Schoenberg: to receive a summons containing

this warning; to understand the implications of the warning sufficiently to call a former

business partner and fellow defendant in order to address the summons; to then elect to

rely on the former business partner to protects his interests in the lawsuit notwithstanding

the warning in the summons; and to undertake no subsequent follow up to ensure his

interests had in fact been protected. Schoenberg did not make a mistake, or act

inadvertently. He made a deliberate and reckless choice. See Wilderman, 267 S.W.3d at

775 ("Recklessness involves a deliberate choice to risk the possibility of a default

judgment.").

 The trial court did not abuse its discretion in concluding that Schoenberg failed to

satisfy his burden to establish good cause to set aside the default judgment. 5 The Rule

74.05(d) Judgment is affirmed.

 Point One is denied.

 5
 Schoenberg asserts that Brungard v. Risky's, Inc., 240 S.W.3d 685 (Mo. banc 2007), demands that we
conclude he acted negligently, not recklessly, in relying on Glarner's assurances that he would "take care" of the
Petition for Schoenberg. We disagree. In Brungard, the plaintiff appealed from the trial court's decision to grant the
defendant's motion to set aside the default judgment. Id. at 686. The trial court had before it an affidavit from the
registered agent of a corporation that established the registered agent thought he faxed the summons and petition to
the insurance agent for delivery to his insurance carrier so that he did not unintentionally ignore the summons. Id.
Our Supreme Court affirmed, holding that the affidavit provided "an adequate basis to support a finding that he did
not intentionally impede the judicial process," and citing case law in which parties "prove[d] by sworn affidavit that
[their] conduct was based on a mistake or conduct not intentionally or recklessly designed to impede the judicial
process." Id. at 688. Brungard did not hold that the trial court must rely on a defendant's affidavit in a motion to set
aside a default judgment. To hold so would have contradicted our standard of review, which provides the trial court
has discretion in ruling on a motion to set aside a default judgment, and we review that exercise of discretion for
abuse.

 11
Point Two: Sufficiency of Evidence to Support the Default Judgment

 In his second point on appeal, Schoenberg argues that the trial court erred in

entering a default judgment against him because Rule 74.05(a) required Vogel to prove

damages or his entitlement to other relief before a default judgment may be entered.

Schoenberg claims that the evidence Vogel presented at trial was insufficient to establish

that Schoenberg violated the Missouri Securities Act since the Judgment found in favor

of Steffen on the same claim, and "[Schoenberg] had no part in such [a] transaction

between Steffen and Vogel."6 [Appellant's Brief, p. 27]

 Schoenberg's effort to construe Rule 74.05(a) to permit a challenge to the

sufficiency of the evidence to support a liability determination in a default judgment is

without support. Rule 74.05(a) provides that following a party's failure to plead or

defend a claim for affirmative relief as required, "upon proof of damages or entitlement

to other relief, a judgment may be entered against the defaulting party." The quoted

phrase has never been construed by any case in Missouri to permit a party to attack the

sufficiency of the evidence to support a liability determination in a default judgment.

Instead, Rule 74.05(a) is consistent with the concept that the entry of a default judgment

consists of two parts. "The first is the entry of an interlocutory judgment of liability. The

basis for the interlocutory judgment is the defendant's admission of liability by failing to

 6
 Schoenberg has not argued that the Judgment is void pursuant to Rule 74.06(b)(4), which permits a party
to secure relief from a final judgment, including a default judgment, even years after its entry if "the judgment is
void." "A judgment is void under Rule 74.06(b)(4) only if the trial court lacked subject matter jurisdiction, lacked
personal jurisdiction over the defendant, or entered the judgment in a manner inconsistent with due process." New
LLC v. Bauer, 586 S.W.3d 889, 895 (Mo. App. W.D. 2019).

 12
plead." 16 MARTHA CHAREPOO, MISSOURI PRACTICE: CIVIL RULES PRACTICE section

74.05(a):1 (3d ed. 2016). "[T]he second part is the assessment of damages." Id.

 The first part of this concept is addressed by Rule 74.05(b), which provides for the

entry of an interlocutory order of default on the issue of liability, with damages then to be

decided by either the court or a jury. Rule 74.05(a) contemplates the entry of a final

default judgment, subject to proof of "damages or entitlement to other relief." The phrase

"or entitlement to other relief" contemplates damages other than monetary relief,

including, for example, injunctive relief. 16 CHAREPOO, MISSOURI PRACTICE: CIVIL

RULES PRACTICE at section 74.05(a):1 n.4 ("The provision of [Rule 74.05(a)] concerning

proof of entitlement to other relief is applicable when relief such as injunctive relief is

sought."); see also Rule 74.05(c) ("A default judgment may include an award of

damages, other relief, or both.") (emphasis added). Though in concept, a final default

judgment anticipates two steps, Rule 74.05(a) makes clear that an interlocutory order of

default (addressing liability only) is not required. Liability and the assessment of

damages can be permissibly resolved in a single hearing, as occurred in this case. See,

e.g., Robson v. Willers, 784 S.W.2d 893, 896 (Mo. App. W.D. 1990). "But, it is only

'upon proof of damages or entitlement to other relief' that a final judgment may properly

be entered." 16 CHAREPOO, MISSOURI PRACTICE: CIVIL RULES PRACTICE at section

74.05(a):1 (quoting Rule 74.05(a)); see also Ct. of 5 Gardens Condo. Ass'n v. 10330 Old

Olive, LLC, 326 S.W.3d 834, 838 (Mo. App. E.D. 2010) ("Although a defaulting

defendant loses the right to contest a determination of liability, the defendant is entitled to

 13
have the court hear evidence regarding damages and to base its determination on the

evidence adduced.").

 Proof of damages (as opposed to liability) is required as a condition of entering a

default judgment because damages awarded on default cannot exceed that which has been

demanded in the pleading seeking affirmative relief. Section 511.160; Ct. of 5 Gardens

Condo. Ass'n, 326 S.W.3d at 838 ("Because a judgment is by default does not excuse the

legal requirement that 'probative evidence' sustain a damage award for the adjudication of

an unliquidated claim for damages."). This prevents a party seeking affirmative relief

from taking advantage of another party, even one who is in default. See La Presto v. La

Presto, 308 S.W.2d 724, 728 (Mo. 1957). In theory, a party in default is deemed "willing

to have the plaintiff granted the relief his petition asked, but no intendment can be

indulged that he is willing for other relief to be granted." White v. McFarland, 128 S.W.

23, 27 (Mo. App. 1910).

 Schoenberg does not challenge the damages assessed in the default judgment.

Rule 74.05(a) does not authorize him to contest liability, which was admitted when he

defaulted. His reliance on Agnello v. Walker, 306 S.W.3d 666 (Mo. App. W.D. 2010),

for a contrary proposition is unavailing, as the sufficiency of the evidence issues in that

case all involved the categories or amounts of damages awarded in a default judgment.

Id. at 675-76 ("The default judgment was entered after the trial court heard evidence on

Agnello's claims of damages and, thus, is a court-tried case subject to review under the

standard announced in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976) (emphasis

added)).

 14
 Point Two is denied.

 Motion for Attorney's Fees

 Pursuant to Local Rule 29, Vogel has filed a motion for attorney's fees, which was

taken with the case. Vogel's motion claims that he is entitled to attorney's fees pursuant

to section 409.5-509(b)(1), and seeks an award of attorney's fees in the amount of

$10,191.15. The motion for attorney's fees indicates that those fees were incurred from

January 9, 2020, the date of the bench trial, through the drafting of Vogel's respondent's

brief and the motion for attorney's fees on appeal. In other words, Vogel seeks to recover

attorney's fees for the representation he received in obtaining the default judgment, in

responding to Schoenberg's Motion to Set Aside, and in responding to Schoenberg's

appeal from the Rule 74.05(d) Judgment, including the preparation of the motion for

attorney's fees.

 "In awarding attorney's fees, we follow the 'American Rule,' which provides that

'orders requiring one party to pay another party's attorney's fees or other expenses

ordinarily are not permitted unless the parties' contract or a statute authorizes the court to

make such an award.'" Darks v. Jackson Cnty., 601 S.W.3d 247, 261 (Mo. App. W.D.

2020) (quoting Birdsong v. Children's Div., Mo. Dep't of Soc. Servs., 461 S.W.3d 454,

459 (Mo. App. W.D. 2015)). Section 409.5-509(b)(1) allows the purchaser of a security

that was sold in violation of section 409.3-301 or by means of an untrue statement of a

material fact or omission of a material fact to "maintain an action to recover the

consideration paid for the security, less the amount of any income received on the

 15
security, and interest at a rate of eight percent per year from the date of the purchase,

costs, and reasonable attorneys' fees determined by the court."

 The trial court has already awarded Vogel $17,923.13 in attorney's fees in the

Judgment, which included the default judgment on Vogel's claim of a violation of the

Missouri Securities Act against Schoenberg. According to Vogel's motion for attorney's

fees, that award did not include attorney's fees incurred for the day of trial and drafting

the post-trial motion as directed by the trial court, and Vogel asks us to enter an award for

those attorney's fees incurred in securing the default judgment. This court is not the

correct forum for that request. These attorney's fees were incurred in connection with

securing the default judgment against Schoenberg and should have been sought from the

trial court as part of that action, not as part of the appeal from the Rule 74.05(d)

Judgment.

 Rule 74.05(d) is clear that a motion to set aside a default judgment "is an

independent action and not an authorized after-trial motion." In other words, the Rule

74.05(d) Judgment is separate from the Judgment which included the default judgment

entered against Schoenberg. As such, there must be an exception to the American Rule

that would authorize us to award Vogel attorney's fees incurred in connection with

responding to Schoenberg's Motion to Set Aside and responding to Schoenberg's appeal

from the Rule 74.05(d) Judgment, including preparing the motion for attorney's fees. The

only authority supporting an award of attorney's fees that Vogel cites in his motion for

attorney's fees is section 409.5-509(b)(1). Vogel cites no authority for his position that

he is entitled to attorney's fees for the representation associated with responding to

 16
Schoenberg's Motion to Set Aside, an action independent from the default judgment, and

Schoenberg's appeal therefrom. Absent statutory authorization or a contractual

agreement providing for attorney's fees, we must conclude that the American Rule

applies so that Vogel bears the expense of the attorney's fees he incurred in connection

with responding to Schoenberg's Motion to Set Aside and Schoenberg's appeal from the

Rule 74.05(d) Judgment, including preparation of the motion for attorney's fees filed in

this court pursuant to Local Rule 29. See Robinson v. Langebach, 599 S.W.3d 167, 188

(Mo. banc 2020). Vogel's motion for attorney's fees is denied.

 Conclusion

 The Rule 74.05(d) Judgment is affirmed.

 __________________________________
 Cynthia L. Martin, Judge

All concur

 17